**Chicago Title and Trust Company, Defendant in Error, v. Millie A. Suter et al., Defendants. Louis Knaus and Hanna Knaus, Plaintiffs in Error.**

**Gen. No. 38,533.**

Opinion filed November 4, 1936.   Rehearing denied November 27, 1936.

ROBERT D. MELICK, of Chicago, for plaintiffs in error.

FISHER, BOYDEN, BELL, BOYD & MARSHALL, of Chicago, for defendant in error; HORACE A. YOUNG, SAMUEL M. MITCHELL and ROBERT G. SPRAGUE, all of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This cause is in this court upon a writ of error by the plaintiffs in error Louis Knaus and Hanna Knaus, defendants in the trial court, to review the record in a certain proceeding pending in the circuit court of Cook county, Illinois, wherein the plaintiff below, Chicago Title and Trust Company, instituted a foreclosure proceeding making the above named Louis Knaus and Hanna Knaus owners of the equity of redemption of

the property described in the trust deed, defendants. Subsequently, on December 4, 1933, the court entered a deficiency decree in the proceeding, and on November 9, 1934, the named defendants filed a verified petition, and upon the facts as stated in the petition, prayed that the deficiency decree entered in this cause against Millie A. Suter be set aside and vacated for want of personal service of summons upon this named defendant, and further, that an order be entered finding the moneys and rents collected by defendants Louis and Hanna Knaus from the premises as owners of the equity of redemption and paid over by them to the Chicago Title and Trust Company, as trustee, as directed by an order of the court, to be the property of your petitioners (the defendants), and directing further that the complainant account and repay to these defendants the moneys so obtained, together with interest as provided for by law.

Thereafter upon a hearing, the court on January 21, 1935, entered the following order:

"Ordered that the personal judgment entered against Millie A. Suter in the above entitled cause on December 4, 1933 in the decree entered herein on said date for the sum of $3,372.98, together with interest thereon at the rate of five per cent per annum from the 27th day of November, 1933, be and hereby is vacated and set aside, without prejudice however to the decree entered herein on December 4, 1933, confirming and approving the foreclosure sale herein and finding a deficiency of $3,372.98 due to the complainant, and finding that the pledge of the rents, issues and profits of and from the premises foreclosed in the above entitled cause was not extinguished by the decree of foreclosure and sale or by the sale thereunder; and without prejudice to the retention of jurisdiction by the court provided for in said decree entered herein on December 4, 1933, for the purpose of examining, auditing and approving the

accounts of Chicago Title and Trust Company, a corporation as Trustee under the trust deed as aforesaid, and for the purpose of appointing a receiver for the premises involved in the above entitled cause for the remainder of the fifteen months' period of redemption if it shall be deemed expedient or necessary to preserve or protect the rights and interests of the parties hereto.''

The defendants, Louis and Hanna Knaus, seek to reverse this order on the ground that there is no valid deficiency decree in favor of the plaintiff, as trustee, or otherwise, and so admitted on the record, and none in its favor authorized by law, and therefore there exists no premise at law or in equity for the Chicago Title and Trust Company, a corporation, to further withhold from the defendants $3,410 and interest on an accounting of such funds, as provided by law. They therefore pray that an order may be entered by this court directing that an order be entered in this cause vacating the order striking defendants' petition filed herein and restoring the same to the record and directing that the prayer thereof be granted by directing that the Chicago Title and Trust Company, in whatever capacity held, pay to the defendants the rents, issues and profit in the sum of $3,410 deposited under order of the court of April 12, 1933, together with interest as may be ascertained upon an accounting.

The petitions filed by the defendants are limited to vacating the entry of the deficiency decree and the refund of the moneys paid under the order of April 12, 1933, to the Chicago Title and Trust Company amounting to $3,410; and the whole theory of their right to recover is based upon the fact that the court was without jurisdiction to enter a deficiency decree in the above matter, for the reason that the defendant Millie A. Suter, the maker of the note and signer of the trust deed was not personally served with summons, and that

the deficiency decree of December 4, 1933, being erroneous for want of service upon this defendant, the decree entered on Jan. 21, 1933, was a nullity, and did not come within the meaning of sec. 16 of Ill. State Bar Stats. 1935, ch. 95, ¶ 17, of an act entitled ''Mortgages,'' which provides:

''In all decrees hereafter to be made in suits in equity directing foreclosure of mortgages, a decree may be rendered for any balance of money that may be found due to the complainant over and above the proceeds of the sale or sales, and execution may issue for the collection of such balance, the same as when the decree is solely for the payment of money. And such decree may be rendered conditionally at the time of decreeing the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due: Provided, that such execution shall issue only in cases where personal service shall have been had upon the defendant or defendants personally liable for the mortgage debt, unless their appearance shall be entered in such suits.''

Of course there being no personal service on Millie A. Suter, the order of deficiency entered by the court was erroneous, for the reasons stated above. However, in this case the contention is that the court has jurisdiction to impress a lien upon the rents and profits that may be collected during the period of redemption for the amount of the deficiency, provided the rents are pledged by the trust deed, regardless of whether or not a valid decree *in personam* is entered against the person liable for the indebtedness.

The deficiency decree entered in this case finds:

''. . . that the Trust Deed foreclosed in the above entitled cause contains a pledge of the rents, issues and profits of and from the premises foreclosed in this cause as additional security for the indebtedness secured by said Trust Deed and that the pledge of the rents, issues and profits of and from said premises was

not extinguished by the decree of foreclosure and sale heretofore entered herein or by the sale thereunder.''

Therefore, under this trust deed entered into by the defendant Millie A. Suter, the rents and issues of the premises were pledged to be applied in redemption of whatever amount may be due under the terms of the mortgage.

A conveyance of the rents by the trust deed gives to the mortgagee a lien upon the rents during the period of redemption, which will be enforced, and in support of this position plaintiff cites the case of *First Nat. Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140, wherein the court said:

''Rents and profits are the subject of mortgage. Jones in his work on Mortgages (vol. 1, sec. 140), says: 'A mortgage may be made of rents under a lease, and although a right of entry be given to the mortgagee, the mortgage is a mere security, like any other mortgage of real estate, and the mortgagor remains the real owner until foreclosure and sale.' In section 771 he says: 'A mortgagee has no specific lien upon the rents and profits of the mortgaged land unless he has in his mortgage stipulated for a specific pledge of them as part of his security.' This was expressly stipulated in this mortgage given by the Ashley Wire Company to appellee. Had there been no deficiency after the foreclosure sale of the Ashley Wire Company property and plant, the rents would have belonged to the owner of the equity of redemption. Under the express agreement in the mortgage, there being a deficiency of $5,316.50 after the sale, the Illinois Steel Company had an equitable right to have the rents and profits applied towards the payment of the deficiency decree, from the time of the foreclosure sale until the expiration of the time of redemption, and this right might properly be enforced on an application to the court to appoint a receiver.''

This court in the case of *Fidelity Trust & Savings Bank v. Ahlgrim*, 278 Ill. App. 147, wherein the facts are similar to those in the instant case, said:

"There is no question but that under the authority of this statute a chancellor could enter a decree for any balance found due the complainant after the sale. The proviso to the effect that no execution should issue, however, except where there was personal service to collect the unpaid balance from the defendants, is clear and in conformity with the common law. The original owner of the equity and the mortgagor having, however, mortgaged the rents, issues and profits in the instrument on which the bill of complaint is based, has granted to the mortgagee a right which he can enforce in a court of equity and the only way in which this can be done is by the court decreeing the payment of the rents, issues and profits during the period of redemption to the mortgagee until the deficiency has been exhausted or the period of time has elapsed. This is not in the nature of a personal judgment in so far as the rents, issues and profits are concerned, but is an enforcement of the lien granted by the trust deed to an interest in the real estate consisting of the rents and profits derived therefrom. In our opinion the decree in this respect was proper, even though the final decree after sale ordered execution to issue to satisfy the deficiency. This part of the final decree was invalid for want of power in the chancellor, but the balance of the decree was valid and should be sustained." And from these authorities, to which the attention of the parties in the instant case has been called, we are of the opinion that notwithstanding a personal decree was not entered in this case against the maker of the note, still by the provisions of the trust deed, which was signed by this defendant Millie A. Suter, she pledged the rents of the premises in question that may be collected to be applied in payment of the indebtedness, and the decree

is clear upon this question, for the court in its final order decreed that all net rents received by the Chicago Title and Trust Company, a corporation, as trustee, be applied during the period of redemption on account of the deficiency decree, of the Chicago Title and Trust Company, and the amount so applied in *pro tanto* satisfaction of the amount of the deficiency decree. *Bolton v. Starr,* 223 Ill. App. 39.

The total amount of the indebtedness found to be due by the court in its decree is $31,581.97, and according to the master's report and distribution the amount received for the premises was $29,000. The deficiency, therefore, found by the court between the amount of the decree and the sale price is $3,372.98, including interest, being the balance not satisfied by the foreclosure sale of the premises. Therefore the court was justified in impressing a lien upon the rents and profits that may be collected during the period of redemption and applying such, if any, toward the reduction of the amount of the deficiency.

The defendants here on appeal contend that the trustee purchased some of the bonds secured by this trust deed and thereby obtained an advantage or profit. There is nothing in the evidence as to any profit which may have been derived by the trustee, and it is not clear that the bonds were obtained for gain. As far as the record shows it may have been for the benefit of all the bondholders. However, the Supreme Court of this State made this significant statement in its opinion in the case of *Darst v. Bates,* 95 Ill. 493:

"The suggestion that Alden being a trustee was prohibited from becoming interested in the trust fund, can have no force. His duty, as trustee, was simply to sell the property to satisfy the mortgage—and this could not be in anywise affected by the circumstances of what particular person might become the owner, legally, or equitably, of the notes secured. Indeed, it is quite com-

mon to make the holders of the notes or their assignees trustees in mortgages, with powers of sale; and this has repeatedly received the approval of this court. *Longwith, et al. v. Butler,* 3 Gilm. 32; *Strother v. Law,* 54 Ill. 413; *Bloom v. Van Rensselaer,* 15 id. 503.''

There remains but one question to be considered, and that is the question of ultra vires.

The plaintiffs in error have not offered in evidence the charter of this corporation in order to point out from the charter itself that the trustee acted without power granted by the State to carry on this class of litigation. The lack of evidence in the record showing what the corporate powers were would not justify this court in considering the question as it is here presented. For the reasons stated in this opinion, the decretal order entered by the court is affirmed.

*Order affirmed.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.