Louis M. Quitman, Plaintiff, v. Jeremiah W. Dowd et al., Defendants.
Sara M. Dewey et al., Appellants, v. Charles E. Bartley et al., Appellees.

Gen. No. 40,555.

Opinion filed October 25, 1939.

PEABODY, WESTBROOK, WATSON & STEPHENSON, of Chicago, for appellant Sara M. Dewey.

MORRIS BLANK, of Chicago, for appellant Sarah Mincer.

WALTER W. BAKER, of Chicago, for appellant Harry Flynn.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellee Charles E. Bartley; BARTLETT S. MARIMON and CHARLES M. RUSH, both of Chicago, of counsel.

SARSFIELD COLLINS, of Chicago, for appellee Louis M. Quitman.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

In this case a foreclosure proceeding was commenced on January 11, 1933, and the property was sold on May 20, 1938, at a master's sale, to Charles E. Bartley for $60,000 and at the time there was $25,000 unpaid taxes. Charles E. Bartley was the owner of $217,000 of the $271,000 bond issue secured by the trust deed on the premises. Louis M. Quitman, who since 1935 had been trustee in possession, under order of July 29, 1938, surrendered the premises to Bartley from whom he received the sum of $3,452.02 as the other bondholders' share of the estimated rents during the period of redemption. On August 6, 1938, this last named order was vacated and a receiver appointed.

On August 27, 1938, on petition of Mary V. Bartley, the owner of the equity and the wife of Charles E.

Bartley, and Charles E. Bartley, the court removed the receiver and put Mary V. Bartley in possession under bond. The order placing Mary V. Bartley in possession found that she was the owner of the equity and that she had redeemed from the foreclosure sale. It provided that she post a $20,000 bond and account quarterly to the court on the receipts and expenditures for the building; that an audit be made by certified public accountants at the end of the period of redemption; that the sum of $3,452.02 representing the other bondholders' estimated share of the rents, previously advanced by Bartley to the trustee be retained by the trustee; that the court retain jurisdiction to require additional payments if the other bondholders' share of the rents exceeded the sum advanced to the trustee.

Interveners Dewey, Mincer and Flynn, owners of $2,500 of the bonds, appeal from this order removing the receiver and the order approving the final account of Quitman as trustee.

The interveners say that the only point raised in respect to the pleadings is that the petition upon which the order appealed from is based, was not verified. No objection was made in the trial court to this apparent oversight and the question is raised here for the first time and will not be considered.

Interveners call attention to the entry of an order on July 29, 1938, without notice. This order was later vacated by Judge KLARKOWSKI and is not before us for review.

This cause, Appellate Court Gen. No. 40,555 and another cause, Gen. No. 40,556, were both filed in this court for review and both cases relate to the same property. An order of consolidation was entered so that one set of briefs could be used in considering each case, but as the cases deal with different parties and different issues, it will be necessary for the sake of clarity to consider them as separate appeals.

Objection is taken first to the removal of a trustee and the placing of the owner in possession under bond, according to the statute. It appears from the court's order that Mary V. Bartley had redeemed the premises at the sale and thereupon became the owner of the equity. It is the contention of the appellants that inasmuch as the receiver had not taken possession from the owner of the equity that, consequently, the receiver must remain until the period of redemption.

It is the further contention of the defendants appellants that where a mortgage pledges the rents and profits or the decree of foreclosure provides for their application on the debt, in the event of a deficiency, it is the court's duty to appoint a receiver to collect the rents and apply them upon any deficiency resulting from a sale. This, we think, is only partially true, that is that the rents and profits of a building are conveyed with the real estate as security for a debt. It is a contract which the courts may enforce, but to assert that a receivership is the only method by which such a contract may or can be enforced is not altogether true. The court may, in its discretion, use whatever method seems best to it as the necessities and exigencies of the situation may require.

The Ill. Rev. Stat. 1937, ch. 22, par. 55, sec. 2 [Jones Ill. Stats. Ann. 106.20], provides that the owners may remain in possession, or possession may be taken from the receiver after appointment and given to the owner of the equity under a bond to account for the rents, issues and profits and be placed in possession instead of a receiver. *First Nat. Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140; *Chicago Title & Trust Co. v. Suter,* 287 Ill. App. 162.

It is next contended by defendants appellants that a lien on the rents—a property right—having been obtained in this case by the appointment of a receiver, it was the court's duty to permit the lien to remain.

We do not understand that the removal of a receiver and the placing of one in possession under bond, in any way destroys the lien on the rents. Courts necessarily must have wide discretion in the method of handling property which comes under the court's jurisdiction, particularly where the property is income producing. If an owner in possession can collect the rents at a lesser cost, so that a greater sum may be realized for the lien claimants, we cannot understand why the lien claimant should complain if that is done. Courts of equity possess broad, inherent and discretionary powers in the manner of granting relief. Although the trust deed may authorize that a receiver be appointed to collect the rents, it does not necessarily follow that a court of equity will enforce such provision by any particular method, simply because it was so stated in the trust deed. *Bothman v. Lindstrom,* 221 Ill. App. 262; *Bagley v. Illinois Trust & Savings Bank,* 199 Ill. 76.

In the instant case, it may well be that in making the change with reference to the receiver, the court did not intend to continue the expense of receivers' and solicitors' fees and the burden which would fall upon the property by further retaining the receiver in possession. As stated, the appointment of a receiver may have been suitable in the foreclosure of the original trust deed, yet it does not follow that the court is irrevocably bound to follow that method. Contracts specifying a particular remedy do not necessarily bind the court to follow such specification as the sole remedy.

Complaint is also made that the trial judges in vacating the order in appointing the receiver and substituting another method of collection, were reviewing the order of a former court of concurrent jurisdiction.

It must be remembered that in a court with as many judges sitting as there are in this jurisdiction, that frequently the individual judge is changed and, as in

this case, such change occurred during a vacation period at which time the judges sit in what is known as emergency matters, for a week at a time. When the trial calendars are made up, the chancellors are selected for the year following. In this case it so happened that the cause appeared on the trial calendar of Judge PRYSTALSKI. It is to be noted, however, that when the order was entered by Judge KLARKOWSKI it was stated in the order that it was entered without prejudice to the making of a motion before Judge PRYSTALSKI to terminate the receivership. We do not think the record shows any attempt to review the order of a court of concurrent jurisdiction.

It has not been pointed out that any loss or damage will accrue to the complaining parties by reason of the action taken by the trial court.

•In view of the record, we do not think any injustice has been done and for that reason the order of the circuit court appealed from is hereby affirmed.

*Order affirmed.*

HEBEL and BURKE, JJ., concur.