(No. 25831.-)

THE STATE BANK OF ST. CHARLES, Appellee, *vs.* JAMES H. BURR *et al.* Appellants.

*Opinion filed Dec. 12, 1940—Rehearing denied February 12, 1941.*

C. SIDNEY VAN DUZER, for appellants.

D. A. GREEN, and JOHN K. NEWHALL, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants seek reversal of a deficiency decree entered against them in the circuit court of Kane county in a foreclosure proceeding. They bring the cause directly to this court because, they say, that as to appellant Annette Burr the entry of a deficiency decree against her lacked due process of law, as required by constitutional provisions.

Appellants are the mortgagors in the real estate mortgage foreclosed in this proceeding. A decree was entered on October 22, 1936, foreclosing the mortgage and decreeing a sale of the property if the amount found due on the mortgage, after allowing a counter-claim of appellant James H. Burr in the sum of $8000, was not paid within ten days. The usual order of reference to the master for sale and report, was entered. The amount decreed as due under the mortgage, after allowing such deduction, was $32,737.67. The decree for foreclosure and sale also found that both appellants were liable for any deficiency that might arise and that an execution might be had as against appellant James H. Burr for such deficiency. Appellants appealed to the Appellate Court for the Second District, which affirmed the decree. No question as to the provisions of the decree concerning execution against James H. Burr, alone, was there raised. This court denied a petition for leave to appeal. Pending appeal appellee caused the premises to be sold, a deed issued, and a writ of assistance was ordered but it was never issued. Appellants then appealed directly to this court where it was held that a *supersedeas* having been granted, the sale should not be had during the pendency of an appeal. The sale was set aside and, on remandment, a resale was ordered on appellee's motion.

On December 12, 1938, after the first sale, appellant James H. Burr filed a petition praying that an order theretofore entered awarding a writ of assistance be set aside and that the possession of the premises be restored to him. This

motion was denied. After resale was had and report thereof by the master, appellee served notice on appellants that a deficiency judgment would be sought. After receipt of that notice appellants filed objections to the entry of the proposed judgment, alleging among other objections, that since the decree for foreclosure entered October 22, 1936, had provided for an execution on any deficiency judgment against James H. Burr, alone, any judgment against appellant Annette Burr would deprive her of her property without due process of law in violation of section 2 of article 2 of the constitution of Illinois and the fourteenth amendment to the Federal constitution. These objections were overruled and a deficiency judgment in the amount of $5000 was entered against both appellants and execution was ordered to issue.

The points raised here are: (1) That the entry of a deficiency judgment against Annette Burr was lacking in due process, and (2) that the court erred in not setting aside the order granting a writ of assistance and returning possession of the property to appellant James H. Burr.

Appellants say that the original decree of October 22, 1936, which concludes in the following language, "and that the plaintiff have execution therefor against said defendant James H. Burr," merged the debt into a conditional judgment against James H. Burr, alone, and that any proceeding taken thereafter without amending that decree was wholly without jurisdiction, and that as the thirty-day period provided by statute had elapsed, no amendment to the decree is longer possible and therefore appellant Annette Burr is freed from further obligation.

Appellants cite section 16 of the Mortgages act (Ill. Rev. Stat. 1939, chap. 95, par. 17) providing for a deficiency decree as follows: "And such decree may be rendered conditionally, at the time of decreeing the foreclosure, or it may be rendered after the sale and the ascertainment

of the balance due," and they say that in this case, plaintiff (appellee) took a conditional judgment against James H. Burr, alone, and while the original decree found that both appellants were liable for any deficiency, the judgment and order for execution were entered against but one, and, so, under the rule in cases of joint liability where the plaintiff elects to take judgment against one and not against the other, the debt is merged in that judgment and the same becomes a bar to any further proceedings against the remaining defendant.

The question then arises on this record whether the decree for foreclosure amounted to a judgment against James H. Burr for the deficiency conditioned upon a finding by the court as to the amount due as such after report of sale. The section of the statute quoted has long been in existence and a construction of the language "and such decree may be rendered conditionally at the time of decreeing the foreclosure" has received the attention of this court. It has been pointed out that whereas originally a mortgagee was relegated to an action at law to obtain a judgment for deficiency, this provision of the statute was enacted to enable him to obtain a decree *in rem* for the sale of the property and a decree *in personam* in case of deficiency, in the same proceeding. The language "rendered conditionally" has been construed as amounting only to a finding that the plaintiff is entitled to a personal decree for any balance that may be due after the application of the proceeds of the sale, thus avoiding the necessity of proceeding at law under the original rule. In short, it means that a decree for deficiency may be had in the foreclosure proceeding.

In *Eggleston* v. *Morrison,* 185 Ill. 577, it is pointed out that "while the statute authorizes the decree to be entered conditionally at the time of decreeing the foreclosure, its only effect is that of a finding that the complainant is entitled to a personal decree for any balance that may be due

after the application of the proceeds of the sale. An appeal will not lie from a finding or conclusion, either of law or fact, not accompanied by any final judgment or decree, and there can be no personal decree until there is a judicial determination of the amount due. That amount can only be ascertained after the sale." A determination in such a decree is merely that the plaintiff has a right to an execution for any deficiency, but the determination of the amount of the deficiency and entering a judgment therefor are separate judicial acts, though arising in the same proceeding. *Attebery* v. *Blair*, 244 Ill. 363.

It is pointed out in *Cotes* v. *Bennett*, 183 Ill. 82, that a judgment or money decree must be for a specified sum, and that the decree authorized by the statute to be entered in advance of a judicial determination of the amount of that deficiency, cannot, therefore, have effect as a judgment or personal money decree, but only to establish that the plaintiff is entitled to a personal money decree against the parties so to be charged for such an amount or balance of money as may thereafter be judicially ascertained or found to be due over and above the proceeds of the sale or sales of the mortgaged premises. In *Travelers Ins. Co.* v. *Mayo*, 170 Ill. 498, a deficiency decree was entered against one of two jointly liable and it was held the other was released. In this case no deficiency decree or judgment was entered by the foreclosure decree. Had there been, in this case, no further proceedings, after the entry of the original decree of foreclosure, to determine the amount of the deficiency, it could scarcely be said that an execution could be ordered on such a decree. As there was no judgment entered under the decree of October 22, 1936, upon which an execution would lie, it cannot be said that the language of the decree concerning execution amounted to a merger of the debt, thus freeing appellant Annette Burr. It would be incongruous to say that though

not final as to a deficiency judgment, nevertheless the decree of October 22, 1936, determined the rights of the appellant Annette Burr to be freed from further judgment or execution. Both appellants were the makers of the note. Both were found in the decree to be liable for any deficiency that might arise. When the deficiency judgment was entered it was against both. This was proper, the judgment against Annette Burr was not lacking in due process, and this contention of appellants cannot be sustained.

Appellant James H. Burr complains that the refusal to set aside an order for writ of assistance, entered prior to the sale which was set aside by this court, was erroneous and should be reversed. It appears from the record that while such a writ was ordered, none was ever issued, but after resale an application was made for the appointment of a receiver and an order entered appointing such receiver. From this order no appeal was taken by appellants. It follows, therefore, that nothing could be gained by appellants in setting aside the order for writ of assistance so long as the appointment of a receiver stands. Furthermore, the order of the court refusing to vacate the order for writ of assistance was included in the order of December 12, 1938, which was the substance of the former appeal to this court. (*State Bank of St. Charles* v. *Burr,* 372 Ill. 114.) The record shows that the mortgage pledged the rents as security.

The court hearing a foreclosure proceeding has a right to impress a lien upon rents and profits to be collected during the period of redemption, for the amount of deficiency, where the rents were pledged. (*First Nat. Bank* v. *Illinois Steel Co.* 174 Ill. 140.) We find no error in this record and the decree is, therefore, affirmed.

*Decree affirmed.*