(No. 26606.—

HARRIET E. V. JOHNSON, Appellant, *vs.* CHARLES J. ZAHN *et al.,* Appellees.

*Opinion filed September 25, 1942.*

BARRETT, BARRETT, COSTELLO & BARRETT, (ROBERT E. WRIGHT, of counsel,) for appellant.

ROBERT J. HILLIARD, HAROLD L. REEVE, and ELMER M. LEESMAN, for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This cause is here to review a judgment of the circuit court of Cook county in an action in ejectment, finding the defendants not guilty and entering judgment *nil capiat* and for costs against appellant.

The facts were stipulated and are: Appellant owned a promissory note for $5000 executed by one Miriam M. Thomas and secured by a trust deed upon the premises involved in this ejectment suit. Upon failure to perform the conditions of the note and trust deed, foreclosure proceedings were filed and on September 3, 1936, a decree for foreclosure and sale was entered. The sale was had on October 6, 1936, and the premises sold to appellant, to whom the master in chancery delivered his certificate of purchase. On October 22, 1936, a decree confirming the master's report of sale and for distribution was entered. That decree also found a deficiency in the sum of $911.81 due appellant, held the mortgagor personally liable to appellant, and entered a deficiency judgment in her favor and against the mortgagor. On April 5, 1937, during the twelve months in which she was entitled to redeem, the mortgagor Thomas, by quitclaim deed, conveyed the premises to appellee Mangold. The deed was duly recorded. On April 15, 1937, Mangold redeemed the premises in the manner prescribed by statute, and the master in chancery delivered to him a certificate of redemption and the redemption money was paid to and accepted by appellant. The certificate of

redemption was recorded on April 16, 1937, and appellee Mangold entered into possession. On April 15, 1937, the day Mangold redeemed, appellant caused the clerk of the circuit court to issue an execution upon her deficiency judgment and delivered the same to the sheriff. On July 16, 1937, the sheriff returned the writ unexecuted. An *alias* writ was issued on the last named date and on October 14, 1937, was returned "No property found." On June 20, 1939, appellant caused a *pluries* writ of *fieri facias* to issue and to be delivered to the sheriff for execution. On June 28, 1939, the sheriff, under that writ, levied execution on the real estate involved in this case, and on August 29, 1939, after due advertisement of the sale, sold it to appellant and delivered to her his certificate of sale, and on December 6, 1940, delivered to appellant a deed conveying the premises to her. That deed was recorded. Appellee Zahn was a tenant in possession under a lease from Mangold and was made party. All parties hereto claim title to the premises from and through Miriam M. Thomas as a common source of title.

The only question involved in the case is whether a deficiency judgment, entered after a foreclosure decree and sale of the premises, is a lien upon the mortgagor's equity of redemption which attaches to the property in the hands of the mortgagor's grantee purchasing during the twelve-month period of redemption available to the mortgagor.

Counsel for appellant argue that the deficiency judgment, entered by a decree approving a master's sale under foreclosure, having all the requisites of a judgment at law, is to be considered such, and as under the statute a judgment at law is a lien on all property of the judgment debtor, from the date of its entry and issuance of execution, and the equity of redemption of the mortgagor is an interest in real estate, the deficiency judgment is a lien on that interest, and when, during the twelve-month period of redemption, the mortgagor transfers his equity of redemp-

tion, the lien which has attached to the property goes with it into the hands of the mortgagor's grantee. They also say that where redemption is made by such grantee within the twelve-month period of redemption, such redemption not only renders the certificate of purchase and the decree for sale void, but also renders the property in the hands of the grantee subject to execution on the lien of the deficiency judgment, and that the redemption provisions of the statute do not prevent the attaching of the lien of the deficiency judgment, but merely suspend the right of enforcement of such lien during the period of redemption or until redemption is made by the mortgagor, or his grantee.

Appellee Mangold, on the other hand, argues that it is established in this State as a rule of property that during the statutory period of redemption no deficiency judgment lien attaches to the equity of redemption of the mortgagor, and that the doctrine of *stare decisis* requires adherence to that rule of property.

Section 18 of the Judgment act (Ill. Rev. Stat. 1941, chap. 77, par. 18) provides for redemption by the mortgagor, his heirs, executors, administrators, assigns or any person interested in the premises through or under the mortgagor, within twelve months, and in event of redemption, the foreclosure sale and certificate of purchase become null and void. This act also provides for successive redemptions and preferences therein. It is the rule that redemption laws are to be construed liberally for the benefit of the mortgagor, but no cases of this or other courts are cited holding that the mortgagor may be placed at the mercy of the mortgagee, by granting to the latter a deficiency-judgment lien on the mortgagor's equity of redemption during his period of redemption.

The appellant here, as holder of the mortgage, undoubtedly had a first lien upon the premises. By the decree for foreclosure and sale she had an opportunity to satisfy the debt due her out of the property. It was in her power

to bid the fair cash value of the property and she having bid thereon, the presumption is that she did bid such value. By the sale the mortgage debt was extinguished. By bidding in the property at less than fair cash value, in the hope that the mortgagor might redeem, and so afford appellant an opportunity to levy on the property to satisfy the deficiency judgment, she followed the course of her own choosing. She is charged with knowledge of the provisions of the statute which gave to a grantee of the mortgagor the right to redeem from the sale, by which redemption the sale and certificate of purchase are rendered void and the lien of the mortgage satisfied.

Appellant's deficiency judgment was not entered as a part of the decree for foreclosure but after the sale at which she had bid, and as a part of the decree confirming the sale. Though the decree for foreclosure provided that a deficiency judgment might be entered if the property did not sell for enough to pay the whole of the mortgage debt, such judgment was no part of the decree for foreclosure and sale and did not come into existence until after the sale. (*State Bank of St. Charles* v. *Burr,* 375 Ill. 379.) Appellant cites and relies on *Hack* v. *Snow,* 338 Ill. 28, as supporting her claim for lien. In that case one Liesik secured a judgment against the owner of the property prior to foreclosure of the mortgage against it. He was made a party to the foreclosure proceedings and appeared. The decree found that he had a lien against the property subject only to the prior lien of the mortgage. It was claimed that by reason of the foreclosure sale, and redemption of the property by the complainant Hack, the property was relieved of the lien of the Liesik judgment; that under the foreclosure sale every interest in the land belonging to any party to the suit was sold, and the land was discharged from every lien of any party to the suit. This court said, as to this argument: "This, of course, is true where the decree orders the payment of all liens and a sale is ordered for

all such liens, the sale made, a certificate of purchase issued, no redemption made and deed issued. * * * In the instant case the decree did not order Liesik's judgment paid nor order the sale of the property for the payment thereof. The property was redeemed, and by virtue of the statute the mortgage, its foreclosure, the sale and the certificate of purchase became null and void and the property freed from the lien thereof but subject to Liesik's judgment lien. Liesik having a valid judgment lien upon the property was entitled to have the property sold in satisfaction thereof." It will be noted that in that case Liesik's judgment was entered prior to the foreclosure of the mortgage and was declared by the decree of foreclosure to be a second lien against the property. In the case before us the deficiency judgment did not come into existence until after the foreclosure sale. *State Bank of St. Charles* v. *Burr, supra.*

A mortgagor may convey whatever right he has in the premises subject to the mortgage lien and for any consideration which he may elect to accept. Such a conveyance is in no way affected by the mortgage lien. (*Fetrow* v. *Merriweather,* 53 Ill. 275; *Bradley* v. *Snyder,* 14 id. 263.) So, in this case, the mortgagor had a right to dispose of her interest in the property and such right was not affected by the decree and sale in foreclosure, for she had the same estate in the land after the foreclosure as she had before. (*Gaskin* v. *Smith,* 375 Ill. 59; *Chicago Joint Stock Land Bank* v. *McCambridge,* 343 id. 456; *Williams* v. *Williston,* 315 id. 178.) After the foreclosure sale the mortgage had expended its force and the property was no longer subject to its provisions. (*Gaskin* v. *Smith, supra; Ogle* v. *Koerner,* 140 Ill. 170; *Seligman* v. *Laubheimer,* 58 id. 124.) When appellant, the mortgagee, by purchase at the sale acquired the certificate of purchase, a new relationship was thereby created which was in no way dependent upon nor influenced by the prior contract between her and the

mortgagor. If no redemption was made within the time specified by the statute, appellant would, upon surrender of her certificate of purchase to the master, have procured a deed to the property. Had the mortgagor herself redeemed during the twelve-month period of redemption available to her, thereby reinvesting the title to the property in her, appellant could then have subjected the property to the payment of the deficiency judgment not because it was a lien on the equity of redemption, but because the former mortgagor then owned the property, and, like any other property vested in her, it was subject to the payment of her debts. *Gaskin* v. *Smith, supra; Ogle* v. *Koerner, supra.*

It is not claimed here that appellee Mangold's redemption was not in good faith or that it was made for the benefit of the mortgagor. Instead of redeeming and revesting title in herself the mortgagor chose, as the statute gave her a right to do, to sell her right of redemption. The appellee Mangold, who was in nowise connected with the mortgage debt, purchased the equity of redemption and redeemed, not for the mortgagor but for himself. Appellant accepted the redemption money. Her lien upon the mortgaged premises was fully satisfied. Her deficiency judgment was against the mortgagor personally. At the time of the levy of the *pluries* execution the mortgagor owned no interest in the property levied on which could be made subject to a sale and levy under a judgment against her.

Counsel for appellant argue, however, that since a deficiency judgment is the same as any judgment at law, and the equity of redemption remaining in the mortgagor after sale is a property right which descends to the mortgagor's heirs in case of her death during that period, and as she had the same interest in the property she had before the sale, her interest was real estate, and no reason is shown why there was not a lien of the deficiency judgment upon that equity of redemption which followed it into the hands

of a *bona fide* grantee, as was true in *Hack* v. *Snow*, *supra*, where the judgment lien was found and declared in the decree for foreclosure. Appellant's counsel advance the novel theory that there is a lien against the equity of redemption arising from the deficiency judgment, but that it is stayed during the period of redemption. If this position be correct, then, under the statute giving judgment creditors a right to redeem after twelve months, according to the priority of their liens, it would follow that within two days after the expiration of the twelve-month period of redemption given the mortgagor, the mortgagee could redeem from the sale and again subject the property to sale for the deficiency judgment, as well as his redemption money.

In *Gaskin* v. *Smith, supra*, this court held that after the foreclosure sale, the equity of redemption is not subject to the deficiency judgment and it makes no difference, in this regard, whether the title to the equity of redemption was in the mortgagor or his grantee. It was there said: "If Mrs. Smith, [the mortgagor] had continued to hold the equity of redemption and redeemed from the foreclosure sale, then the title of the property, being in her name, could have been subjected to the payment of the deficiency judgment for the reason she had paid the indebtedness against her property and it was subject to the payment of her debts the same as any other property she might have owned." Citing *Ogle* v. *Koerner, supra*.

It is apparent that if appellant's position is correct and the deficiency judgment attaches as a lien to the equity of redemption, then a judgment creditor who redeems after twelve months has expired, must take the property burdened with the lien of the deficiency judgment, and this even though that judgment is a personal one against the mortgagor who has lost all interest whatever in the property.

We are of the opinion that unless the mortgagor redeems, or his grantee who redeems is shown to have done

so for the mortgagor's benefit, a grantee redeeming takes the property free from any lien arising from the deficiency judgment, for the reason that he bought the equity at a time when there was no lien, either active or suspended, against it, and he not being liable to pay the mortgagor's debt, the property he thus acquires is not subject to the deficiency judgment.

There is nothing in the statutes, as construed by this court, which creates such a thing as a suspended lien against the equity of redemption after mortgage sale and deficiency decree, but as construed by this court the equity of redemption is not subject to such a lien. At common law a judgment and execution did not constitute a lien against real estate. Such lien is provided only by statute and as this court has declared that no lien exists during the period of redemption, that rule of law and construction of the statute have become a rule of property in this State, and under the doctrine of *stare decisis,* particularly where rules of property are involved, such rule should be adhered to.

There being no lien against the mortgagor's equity of redemption at the time that appellee Mangold bought it, it follows that he took free of any such encumbrance. The judgment of the circuit court is right and is affirmed.

*Judgment affirmed.*