2022 IL App (1st) 211369-U

FIFTH DIVISION
November 10, 2022

No. 1-21-1369

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| GORIANA ALEXANDER and CHRISTOPHER ALEXANDER, individuals and derivatively on behalf of JEFFERSON & MONROE, LLC, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs and Counterdefendants, | ) ) | |
| (Goriana Alexander and Christopher Alexander, Plaintiffs and Counterdefendants-Appellees), | ) ) ) ) | |
| v. | ) ) | No. 11 L 7515 |
| CANDELARIO MARTINEZ, PATRICIA MARTINEZ, individually, and JEFFERSON & MONROE, LLC as a nominal defendant, | ) ) ) ) | |
| Defendants and Counterplaintiffs | ) ) | |
| (JEFFERSON & MONROE, LLC, Defendant and Counterplaintiff-Appellant). | ) ) | Honorable Patrick J. Heneghan, Judge Presiding. |

PRESIDING JUSTICE CONNORS delivered the judgment of the court.
Justices Cunningham and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held:*    Creditor's full credit bid at a foreclosure sale precluded its later request for additional statutory interest; affirmed.

¶ 2    Defendant and counterplaintiff, Jefferson & Monroe, LLC (Jefferson & Monroe), appeals an order of the circuit court that found that a judgment against one of the plaintiffs and counterdefendants, Goriana Alexander, was satisfied by a full credit bid at a foreclosure sale. On appeal, Jefferson & Monroe contends that the circuit court should not have released the judgment because Alexander still owed Jefferson & Monroe over $130,000 in statutory interest.

¶ 3                                I. BACKGROUND

¶ 4    In January 2017, after a bench trial for a commercial dispute, Alexander was ordered to pay $473,072.95 in damages to Jefferson & Monroe. This court affirmed the circuit court's judgment on April 20, 2018. *Alexander on behalf of Jefferson & Monroe, LLC v. Martinez*, 2018 IL App (1st) 171167-U. Jefferson & Monroe engaged in supplementary proceedings in the law division of the circuit court of Cook County to enforce its judgment, issuing citations to discover assets to Alexander and several third parties. Under a settlement agreement, Alexander paid Jefferson & Monroe $30,000 against the balance of the judgment.

¶ 5    In an effort to collect on the rest of the judgment, in November 2017, Jefferson & Monroe recorded its judgment against a nonowner occupied residential condominium owned by Alexander and her husband. On February 21, 2019, Jefferson & Monroe filed a verified amended complaint in the chancery division of the circuit court of Cook County to foreclose the judgment lien on the condominium under section 12-101 of the Code of Civil Procedure (Code) (735 ILCS 5/12-101 (West 2018)), which Jefferson & Monroe refers to as the lien of judgment statute, and the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2018)). The complaint stated that $439,147.94 of the judgment was unpaid, and interest accrued at the statutory rate of 9%. Through December 28, 2018, the judgment had accrued $79,532.58 in interest. The

complaint also noted that a predecessor to PNC Bank had a mortgage on the condominium that was recorded on June 19, 2003. We will refer to the court that presided over the foreclosure proceedings as the foreclosure court.

¶ 6     On July 19, 2019, the foreclosure court entered a judgment of foreclosure and sale. In part, the court found that Jefferson & Monroe had a valid lien on the property that included the following amounts:

| | |
|---|---|
| Principal Balance | $473,072.95 |
| Less Payments Made | $ 39,276.37 |
| Judgment Balance Due | $433,796.58 |
| Statutory Interest to July 1, 2019 | $ 12,194.58 |
| **Total Due** | **$445,991.16** |

Including costs and expenses, the total amount due as of July 1, 2019, was $449,175.30. The order was prepared by counsel for Jefferson & Monroe.

¶ 7     A report of sale and distribution, also prepared by counsel for Jefferson & Monroe and dated October 21, 2019, stated that Jefferson & Monroe was the highest bidder at the sale with a bid of $460,035.01. The proceeds of the sale would be disbursed as follows:

"To the plaintiff:

| | | |
|---|---|---|
| 1. | The amount due under judgment | $449,175.30 |
| 2. | Interest thereon (excluding attorney's fees) from date of judgment (7/19/2019) to date of sale (10/21/19) at 9.00% per annum | $9,934.71 |
| 3. | Publication costs | $575.00 |

| | |
|---|---|
| Subtotal | $459,685.01 |
| To the selling officer, as commission | $350.00 |

| | |
|---|---|
| Total Amount Due to Plaintiff | $460,035.01 |
| Successful Bid Amount | $460,035.01 |
| No Surplus or Deficiency | $0.00" |

¶ 8    The record also contains a stipulation that was signed by representatives of PNC Bank and Jefferson & Monroe on October 24 and 25, 2019. The stipulation stated in part that Jefferson & Monroe's judgment lien was inferior to the PNC Bank's mortgage. The judgment of foreclosure and sale on the condominium was amended *nunc pro tunc* to July 19, 2019, to indicate the superior status of PNC Bank's mortgage.

¶ 9    At a hearing related to the foreclosure on November 27, 2019, counsel for Jefferson & Monroe noted that, because of PNC Bank's mortgage, the judgment lien would only be satisfied "to about $90,000, not $460,000." The foreclosure court stated that there was no deficiency on the sale of the condominium, but only part of the judgment lien was extinguished. The foreclosure court also stated that it was not dealing with the judgment lien and was only involved with the sale of the property. The foreclosure court added, "The totality of what you are seeking in your judgment lien is not in front of me."

¶ 10   Jefferson & Monroe submitted a proposed order for the order approving the report of sale and distribution. The order ultimately entered struck the following two paragraphs of Jefferson & Monroe's proposed order:

> "That this Order shall in no way extinguish Plaintiff's judgment against Goriana Alexander entered January 25, 2017[,] or impair Plaintiff's rights to foreclose upon or liquidate other assets in which Goriana Alexander may have an interest as a means of satisfying said judgment.
>
> * * *
>
> "Plaintiff is seeking an *in personam* deficiency judgment against Goriana Alexander because the [judgment] dated January 25, 2017[,] in

the amount of $473,072.95 will not be fully satisfied by sale and application of the sale proceeds of the real property."

¶ 11    On December 5, 2019, Alexander filed a motion in the law division to release the 2017 judgment, asserting in part that the judgment was paid in full by Jefferson & Monroe's full credit bid at the foreclosure sale. In response, Jefferson & Monroe stated in part that it could both foreclose on the condominium and levy Alexander's personal property because the condominium was encumbered by PNC Bank's mortgage for approximately $350,000.

¶ 12    After a hearing on Alexander's motion, the court allowed the parties to submit supplemental briefs. In part, Jefferson & Monroe stated in its brief that even if the underlying judgment was satisfied in the amount of the credit bid at the foreclosure sale, the proceedings would not be over. "Further proceedings, including an accounting of accrued interest and a petition for fees, would need to occur (and be satisfied) before it would be appropriate to deem the judgment satisfied and discharge the proceedings." Attached to Jefferson & Monroe's supplemental brief was a postjudgment settlement statement that included entries for statutory interest on the allegedly unsatisfied portion of the 2017 judgment.

¶ 13    On February 4, 2021, the court granted Alexander's motion to release the judgment. In a written ruling, the court found that Jefferson & Monroe's full credit bid extinguished Alexander's debt and further stated as follows. Jefferson & Monroe chose to pursue a judgment foreclosure. Section 12-101 of the Code (735 ILCS 5/12-101 (West 2018)) states that a judgment lien is foreclosed "in the same manner as a mortgage of real property." So, Jefferson & Monroe operated within the statutory framework of the Foreclosure Law. When a creditor at a foreclosure sale bids the full amount of the debt, and the creditor's bid is the highest bid, the creditor takes the property,

and the underlying judgment is deemed satisfied. The court entered a satisfaction and release of the 2017 judgment and dismissed all supplementary proceedings with prejudice.

¶ 14    On March 5, 2021, Jefferson & Monroe filed a motion for rehearing, modification and stay—in essence, a motion to reconsider. Jefferson & Monroe stated that its bid at the foreclosure sale did not satisfy the entire 2017 judgment because of the remaining statutory interest that was owed. As of March 5, 2021, the underlying judgment with accrued interest, less the credit bid, was $188,012.94. Further, taking into account statutory interest, Jefferson & Monroe did not bid the whole amount that was due on the 2017 judgment. The report of sale from the foreclosure only included interest from March 4, 2019, until July 1, 2019. Jefferson & Monroe also asserted that because the accrual of interest is mandatory, it did not have to seek interest on the 2017 judgment in the foreclosure case.

¶ 15    In response, Alexander asserted in part that Jefferson & Monroe never contended that the judgment exceeded $460,035.01 or that the credit bid only partially satisfied the judgment. Jefferson & Monroe only asserted that the value of the condominium was insufficient to satisfy the judgment, and repeatedly conceded that the judgment was approximately $460,000. If Jefferson & Monroe disagreed with the judgment balance or lack of deficiency in the foreclosure case, it should have set aside the sale or appealed the order approving the sale. Jefferson & Monroe was solely at fault for any mistakes in calculating the judgment balance in the foreclosure case.

¶ 16    After a hearing, the court denied Jefferson & Monroe's motion to reconsider. In a written ruling, the court stated that though Jefferson & Monroe made only superficial and passing references to the statutory interest issue before filing the motion to reconsider, the court would still address the matter. The court further stated as follows. Jefferson & Monroe did not dispute the amount of postjudgment interest that was included in the foreclosure judgment and moved to

confirm the results of the sheriff's sale, which included only $12,194.58 in postjudgment interest. Jefferson & Monroe also did not seek to modify or vacate the confirmation of the sheriff's sale or appeal any of the foreclosure court's orders, rulings, or calculations. Further, when a creditor bids the full amount of the outstanding debt at a foreclosure sale, as Jefferson & Monroe did, then the debt and any related damages or costs are deemed satisfied. The court could not fix what Jefferson & Monroe may have realized were mistakes—bidding the full amount of its judgment, with full knowledge of PNC Bank's superior lien, and affirmatively seeking and securing a foreclosure judgment and confirmation of the sale that did not include all of the postjudgment interest that had accrued since January 2017.

¶ 17    Jefferson & Monroe subsequently appealed.

¶ 18                              II. ANALYSIS

¶ 19    Jefferson & Monroe contends that its 2017 judgment is not satisfied because Alexander still owes accrued statutory interest. Jefferson & Monroe states that for a judgment to be deemed satisfied, the debtor must tender to the creditor the full amount of the underlying judgment and accrued interest. According to Jefferson & Monroe, its full credit bid on the condominium did not extinguish the 2017 judgment because the foreclosure judgment did not reflect over $130,000 in statutory interest that was still owed. Jefferson & Monroe asserts that the Foreclosure Law is directed at mortgagees and not judgment creditors. Because it already had a judgment, Jefferson & Monroe was not required under the Foreclosure Law to include all accrued statutory interest in the foreclosure judgment. Jefferson & Monroe states that the foreclosure court agreed with its interpretation of the Foreclosure Law as applied to judgment creditors.

¶ 20    Initially, Alexander asserts that Jefferson & Monroe forfeited its argument that it is entitled to additional statutory interest because the matter was raised for the first time in a motion to

reconsider. A motion to reconsider "is not the place to raise a new legal theory or factual argument." *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 25. The purpose of such a motion is to bring to a court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law. *Id*. Jefferson & Monroe broadly referred to "an accounting of accrued interest" in a supplemental brief after a hearing on the motion to release the judgment. An attached postjudgment settlement statement listed entries for statutory interest. Later, Jefferson & Monroe fully developed its statutory interest argument in a motion to reconsider.

¶ 21    Even if Jefferson & Monroe did not timely raise the statutory interest issue, we will still consider it. A reviewing court may consider an argument that was untimely raised where "the issue is one of law and is fully briefed by the parties on appeal." *Lake County Grading Co. v. Forever Construction Co.*, 2017 IL App (2d) 160359, ¶ 42. We turn to the merits.

¶ 22    The parties dispute the standard of review. Jefferson & Monroe contends that our review is *de novo*, which is the standard that applies to a circuit court's decision to deny a motion to reconsider that was based on the application or misapplication of existing law. *Spencer v. Wayne*, 2017 IL App (2d) 160801, ¶ 25. Alexander states that whether a party has proved a release or satisfaction of a judgment is reviewed for an abuse of discretion. *Meyer v. First American Title Insurance Agency of Mohave, Inc.*, 285 Ill. App. 3d 330, 336 (1996). The abuse-of-discretion standard of review also applies to motions to reconsider that were based on new matters, such as additional facts or new legal theories. *Liceaga*, 2019 IL App (1st) 181170, ¶ 26. Under either standard of review, our conclusion is the same: the circuit court properly found that Alexander satisfied the January 2017 judgment, and Jefferson & Monroe cannot collect additional statutory interest.

¶ 23     Alexander filed her motion to release the 2017 judgment under section 12-183 of the Code (735 ILCS 5/12-183 (West 2018)). A proceeding under that section "determines whether all money due has been paid and the judgment has been satisfied." *Otto Baum, Co. v. Süd Family Ltd. Partnership*, 2020 IL App (3d) 190054, ¶ 20. Once a judgment is paid in full by a defendant, the defendant is statutorily entitled to receive a release of the judgment. *Id.* ¶ 21.

¶ 24     Jefferson & Monroe sought to satisfy its 2017 judgment by foreclosing on the condominium, though it maintains that the foreclosure did not fully satisfy the judgment. Section 12-101 of the Code states that a judgment lien

>      "may be foreclosed by an action brought in the name of the judgment creditor or its
> assignee of record under Article XV in the same manner as a mortgage of real property,
> except that the redemption period shall be 6 months from the date of sale and the real estate
> homestead exemption under section 12-901 shall apply." 735 ILCS 5/12-101 (West 2018).

Jefferson & Monroe asserts that, in spite of the explicit reference in section 12-101 to the Foreclosure Law, a judgment creditor is not actually subject to the Foreclosure Law when the creditor forecloses on property to satisfy a judgment. To assess this argument, we interpret section 12-101 of the Code. Our primary goal is to ascertain the legislature's intent, and the best indicator of that intent is the statute's language, given its plain and ordinary meaning. *Tillman v. Pritzker*, 2021 IL 126387, ¶ 17. Statutory language that is clear and unambiguous is given effect as written without using other aids of statutory interpretation. *State ex rel. Leibowitz v. Family Vision Care, LLC*, 2020 IL 124754, ¶ 34.

¶ 25     Based on the plain language of section 12-101 of the Code, when a judgment creditor forecloses on real property, the process occurs "in the same manner" as a mortgage foreclosure under the Foreclosure Law. A judgment creditor must thus follow the provisions of the Foreclosure

Law, except for differences relating to a redemption period and a homestead exemption. We will not read into the statute an additional exception for Jefferson & Monroe's request for statutory interest that was not collected during the foreclosure. See *Accettura v. Vacationland, Inc.*, 2019 IL 124285, ¶ 11 (a court will not depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent). Jefferson & Monroe's assertion that the Foreclosure Law is only directed at mortgagees and not judgment creditors is contradicted by the plain language of section 12-101 of the Code. The provisions of the Foreclosure Law applied to Jefferson & Monroe's foreclosure of the condominium.

¶ 26    The rules that apply to lenders at foreclosure sales preclude Jefferson & Monroe from now adding more statutory interest to its foreclosure judgment. Under section 15-1504(e)(1) of the Foreclosure Law, a request for a foreclosure is a request that the court make an accounting of the amounts due and owing. 735 ILCS 5/15-1504(e)(1) (West 2018). Here, the condominium was sold to satisfy the amount due to Jefferson & Monroe "as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of the judgment[.]" *Id.* § 15-1504(e)(3). When a foreclosing lender bids on a property, the lender has made a credit bid. *Freedom Mortgage Corp. v. Burnham Mortgage, Inc.*, 720 F. Supp. 2d 978, 1006 (N.D. Ill. 2010). Here, by bidding the full amount of Alexander's existing debt, Jefferson & Monroe made a full credit bid. See *id.* (a full credit bid "equals the unpaid principal and interest of the mortgage debt").

¶ 27    A full credit bid carries significant consequences. " 'Most states, including Illinois, hold that a lender is deemed to have received repayment of a loan in full if, at a foreclosure, it successfully bids the full amount of the loan (the "Full Credit Bid Rule").' " *Id.* (quoting *Freedom Mortgage Corp. v. Burnham Mortgage Inc.*, No. 03 C 6508, 2006 WL 695467, at *6 (N.D. Ill. Mar. 13, 2006)). See also *Gaskin v. Smith*, 375 Ill. 59, 67 (1940) ("the mortgagee under whose

decree the mortgaged property is sold, in the absence of all irregularity and unfairness in the sale, must be conclusively held to the price bid as a full equivalent and satisfaction of his lien"); *Partel, Inc. v. Harris Trust & Savings Bank*, 106 Ill. App. 3d 962, 965-66 (1982) (bidding in of the debt to purchase a mortgaged property, thus cutting off other lower bidders, is a satisfaction of the debt); *Benj. Harris & Co. v. Western Smelting & Refining Co.*, 322 Ill. App. 609, 642 (1944) (" '[i]f the judgment creditor himself becomes the purchaser at the sale, the judgment is satisfied in full if he bids the whole amount due him, otherwise, pro tanto' " (quoting 34 Corpus Juris, Judgments, ¶ 1105, at 719)).

¶ 28    Placing a full credit bid also means that Jefferson & Monroe cannot seek additional recovery from Alexander for the debt. The full credit bid rule precludes creditors from asserting that the foreclosure judgment was insufficient to satisfy the debt. In *BMO Harris Bank, N.A. v. Wolverine Properties, LLC*, 2015 IL App (2d) 140921, ¶ 1, a bank placed a full credit bid for a property and later sought a deficiency judgment for a prejudgment tax payment. The court denied the bank's request, stating that "a plaintiff must seek to include in the judgment of foreclosure all debts sought; that is a definitive purpose of the judgment of foreclosure." *Id.* ¶ 29. The bank presented "no reason, other than its own inadvertence or mistake, why it could not have sought to include the tax payment in the original judgment of foreclosure." *Id.* ¶ 27. In *LOL Finance Co. v. Easy Money Catfish Co.*, 842 F. Supp. 2d 1019, 1020 (N.D. Miss. 2012) [1], a creditor who submitted a full credit bid could not later seek a deficiency judgment when the foreclosed property turned out to be worth much less than the bid. The court noted that the creditor's decision to make a full credit bid "was a conscious decision which it made in consultation with counsel." *Id.* at 1021.

---

[1] Lower federal court decisions are not binding, but we may look to them as persuasive authority. *People v. Kent*, 2017 IL App (2d) 140917, ¶ 88.

¶ 29    Jefferson & Monroe seems to contend that the full credit bid rule does not apply to it. Jefferson & Monroe asserts that a judgment is not satisfied until a debtor has paid the entire amount of statutory interest, which here would include interest accrued since 2017. Jefferson & Monroe notes that for a court to release a judgment, a debtor must pay "all such sums of money are really due." 735 ILCS 5/12-183(a) (West 2018). Jefferson & Monroe also states that a debtor must pay the entire amount of statutory interest that has accrued on an underlying judgment. See *In re Liquidation of Pine Top Insurance Co.*, 322 Ill. App. 3d 693, 698 (2001). Jefferson & Monroe may have indeed been owed the additional statutory interest it now seeks. Yet, the time to have requested that additional amount was during the foreclosure proceedings. Counsel for Jefferson & Monroe prepared the order of foreclosure and the report of sale, both of which listed the amount of statutory interest that was due. It is unclear why only some of the statutory interest due was included. As the circuit court noted, Jefferson & Monroe did not seek to modify or vacate the confirmation of the sale, or appeal any of the foreclosure court's orders, rulings, or calculations. The foreclosure court's oral comments about whether Jefferson & Monroe's lien was fully extinguished are not binding on this court. The foreclosure court stated that it was not involved in Jefferson & Monroe's judgment lien, and was only concerned with the sale of the condominium. Jefferson & Monroe does not cite any authority that found that a creditor could later seek statutory interest after placing a full credit bid at a foreclosure sale. The full credit bid rule applies to Jefferson & Monroe's request for additional statutory interest.

¶ 30    Jefferson & Monroe could have placed a lower bid at the foreclosure sale, which would have given it more options to satisfy the 2017 judgment. Lenders who seek to foreclose on judgment liens " 'can make a rational choice: bid in the full debt and let the matter rest, or bid a lesser amount and preserve any rights that may exist to seek a deficiency judgment' " or pursue

other damages. *LOL Finance Co*, 842 F. Supp. 2d at 1022 (quoting *M & I Bank, FSB v. Coughlin*, 805 F. Supp. 2d 858, 866 (D. Ariz. 2011)). See also *Cornelison v. Kornbluth*, 15 Cal.3d 590, 607 (Cal. 1975) (many creditors enter low credit bids to provide access to additional security or funds). As it stands, it is too late for Jefferson & Monroe to recover more statutory interest. We need not resolve whether judgment creditors must comply with every provision of the Foreclosure Law. The operative point here is that Jefferson & Monroe's full credit bid precludes its request for additional statutory interest.

¶ 31    Our conclusion is further confirmed by Jefferson & Monroe's citations to two out-of-state cases—*Titan Loan Investment Fund, L.P. v. Marion Hotel Partners, LLC*, 891 N.E.2d 74 (Ind. App. Ct. 2008), and *Fairfield Plumbing & Heating Supply Corp. v. Kosa*, 600 A.2d 1 (Conn. 1991). In *Titan Loan*, 891 N.E.2d at 76-77, the court found that the full credit bid rule precluded a creditor from making a full credit bid and then claiming that the property was actually worth less than the bid. *Kosa* did not involve the full credit bid rule. There, the court considered whether a deficiency judgment was available to a judgment creditor who pursued a strict foreclosure, rather than a foreclosure by sale. 600 A.2d at 2-3. Finding that a deficiency judgment was indeed available, the court stated that "[e]very aspect of a mortgage foreclosure applies equally to a foreclosure of a judgment lien." *Id*. at 5.

¶ 32    As stated above, Jefferson & Monroe could have bid differently or raised the statutory interest issue in the foreclosure case. Jefferson & Monroe's full credit bid precludes it from seeking additional statutory interest now. The circuit court correctly found that the full credit bid satisfied the 2017 judgment and correctly denied the motion to reconsider.

¶ 33                                III. CONCLUSION

¶ 34    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 35    Affirmed.