Fidelity Trust and Savings Bank v. Walter G. Ahlgrim et al.
Fidelity Trust and Savings Bank, Appellee, Robert B. Cook, Receiver, Appellee, v. Adolph J. Krasa, Appellant.

Gen. No. 37,554.

**148**

Opinion filed December 19, 1934.

ADOLPH J. KRASA, of Chicago, *pro se.*

ERNEST A. EKLUND, of Chicago, for appellee Fidelity Trust & Savings Bank; JOHN N. THORNBURN, of Chicago, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

The Fidelity Trust and Savings Bank, a corporation, as trustee, filed its bill of complaint in the superior court to foreclose a certain trust deed on real estate situated in Chicago, and named as defendants Walter G. Ahlgrim and Flora Ahlgrim, his wife, the makers of the note secured by the trust deed in question. The defendants not being found, service was had by publication.

The trust deed involved in this proceeding, in addition to mortgaging the real estate, also mortgaged the rents, issues and profits. A receiver was appointed for the purpose of managing the property and collecting rents, and the suit proceeded to foreclosure. The decree for foreclosure was in the usual form, but recited that the defendants were not found in Cook county and proceeded to show the manner of service which

was by publication. The decree then proceeds as follows:

"In case any deficiency is shown in the amount due the said complainant, the trust deed securing the indebtedness due to the complainant shall continue as a lien, prior and superior to that of all parties thereto, upon the rents, issues and profits of the premises hereinabove described, as security for said deficiency until said deficiency shall be satisfied in full, but no longer than the fifteen months' period from the date of sale allowed by statute for redemption in any event; . . ."

The decree further provided that the court should retain jurisdiction of the case for the 15-month period of redemption for the purpose of satisfying the deficiency out of such rents, issues and profits. Upon the sale a deficiency was found due the complainants in the amount of $5,531.73, and thereupon the court in its decree approving the master's report and sale entered a deficiency decree in this amount and ordered that it should have execution therefor as upon a judgment at law.

The decree further provided that the receiver should remain in possession of the premises for the purpose of collecting the rents for the period of redemption and that the same should be applied on the deficiency, and that the court would retain jurisdiction of the cause and of the parties for the purposes of enforcing the decree.

The receiver continued in charge of the property and collected the rents, paid the insurance and filed his reports from time to time and made disbursements under order of court. The final report and accounting of the receiver was filed May 5, 1933, and the objections of the defendant Krasa were filed May 25, 1933.

We gather from the record that the defendant Krasa had become the owner of the equity, but when, is not

clear. He is now here insisting that the chancellor of the superior court had no power to find a lien on the rents, issues, and profits in case of a deficiency and that he was without power to render a deficiency decree where the makers of the note and trust deed were not before the court on personal service or by entry of their appearances. If his contention is correct, then as the owner of the equity, he would be entitled to the rents and profits collected before the foreclosure sale and during the period of redemption. If he is not correct in his contention, then a number of his objections to the receiver's report necessarily fail. No cases are cited by either side in which this question is directly involved.

Counsel cite *Powell v. Voight,* 348 Ill. 605, upon the proposition that during the redemption period the rents belong to the owner of the equity of redemption. We have no quarrel with this rule. Where, however, the trust deed mortgages the rents, issues and profits, the court has a right to enter a conditional judgment to satisfy any deficiency after sale for the benefit of the mortgagee and to apply the rents collected on the judgment. *Henry v. Woolf,* 187 Ill. App. 129; *Owsley v. Neeves,* 179 Ill. App. 61.

It is insisted, however, that the court had no power to enter a deficiency decree without personal service or the entry of the appearances of the defendants. The statute of this State, chapter 95, par. 17, Cahill's Illinois Revised Statutes for 1933, provides as follows:

"In all decrees hereafter to .be made in suits in equity directing foreclosure of mortgages, a decree may be rendered for any balance of money that may be found due to the complainant over and above the proceeds of the sale or sales, and execution may issue for the collection of such balance the same as when the decree is solely for the payment of money. And such decree may be rendered conditionally at the time

of decreeing the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due: *Provided,* that such execution shall issue only in cases where personal service shall have been had upon the defendant or defendants personally liable for the mortgage debt, unless their appearance shall be entered in such suits.''

There is no question but that under the authority of this statute a chancellor could enter a decree for any balance found due the complainant after the sale. The proviso to the effect that no execution should issue, however, except where there was personal service to collect the unpaid balance from the defendants, is clear and in conformity with the common law. The original owner of the equity and the mortgagor having, however, mortgaged the rents, issues and profits in the instrument on which the bill of complaint is based, has granted to the mortgagee a right which he can enforce in a court of equity and the only way in which this can be done is by the court decreeing the payment of the rents, issues and profits during the period of redemption to the mortgagee until the deficiency has been exhausted or the period of time has elapsed. This is not in the nature of a personal judgment in so far as the rents, issues and profits are concerned, but is an enforcement of the lien granted by the trust deed to an interest in the real estate consisting of the rents and profits derived therefrom. In our opinion the decree in this respect was proper, even though the final decree after sale ordered execution to issue to satisfy the deficiency. This part of the final decree was invalid for want of power in the chancellor, but the balance of the decree was valid and should be sustained.

The receivership was properly continued under the power of the court, which retained jurisdiction for that purpose, and the receiver's duties required him to col-

lect the rents to apply on the deficiency and to apply on the upkeep of the property. It necessarily follows that the items contained in his report, such as commissions for collecting rents and payments of insurance on the buildings, are necessary expenses incident to his receivership.

The sum of $850 objected to by counsel on the ground that it was paid to the Uptown State Bank, is explained in the brief of plaintiff filed herein, in that this bank was the assignee and successor to the Fidelity Trust and Savings Bank. An examination of the order shows that a clause authorizing the payment of this amount was contained in the decree approving the master's sale, but directed that it be paid to the Fidelity Trust and Savings Bank. It appears to have been credited on the deficiency decree and, therefore, defendant cannot complain.

Finding no error in the proceedings and for the reasons expressed in this opinion, the decree of the superior court is affirmed.

*Decree affirmed.*

HEBEL, P. J., and HALL, J., concur.