(No. 24047.—

LILLIAN M. MARTIN, Appellee, *vs.* AMANDA K. STRUBEL
*et al.* Appellants.

*Opinion filed June 11, 1937—Rehearing denied October 7, 1937.*

22

SHAW, J., specially concurring.

CHARLES P. R. MACAULAY, for appellants.

GERALD TURNBULL, and E. H. KUBITZ, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The principal issue is whether a statute which confers power on courts of equity to render deficiency decrees in foreclosure proceedings, is repugnant to sections 2 and 5 of article 2 of the Illinois constitution, in that it deprives the mortgagor of due process of law and the right of trial by jury. The section in question (State Bar Stat. 1935, chap. 95, sec. 16, p. 2139,) provides, in part, that "In all decrees hereafter to be made in suits in equity directing foreclosure of mortgages, a decree may be rendered for any balance of money that may be found due to the complainant over and above the proceeds of the sale or sales, and execution may issue for the collection of such balance, the same as when the decree is solely for the payment of money." The appeal comes from the circuit court of Cook county where the chancellor confirmed a foreclosure sale for $8500 and entered a deficiency decree for $1150.90 against appellants. At the time the deficiency decree was entered appellants demanded a trial by jury, which was denied.

It is uniformly held that, in the absence of express statutory or constitutional provisions, a jury is no part of the chancery system. (21 Corpus Juris, 585.) With certain statutory exceptions, not relevant here, no such provisions exist in Illinois. In this State the guaranty of the right to a jury trial does not extend to cases of equity

jurisdiction, such as a bill to foreclose a mortgage. It is well settled that when a court of equity has jurisdiction of a cause for one purpose, it will retain such jurisdiction for all related purposes. (*Dowden* v. *Wilson,* 71 Ill. 485; *Keith* v. *Henkleman,* 173 id. 137.) When the controversy requires any purely equitable relief, such as will give a court of equity the right to act, the court will proceed to determine all matters at issue and do complete justice between the parties. In so doing, a court of chancery may, if it sees fit, establish purely legal rights and grant legal remedies in the same proceeding, which would otherwise be beyond its power. The concurrent jurisdiction of equity may thus adjust claims against the property arising out of tort or contract, and make all proper orders in respect to the time and manner of their payment. (*Shedd* v. *Seefeld,* 230 Ill. 118.) The provision of the constitution of 1870, prescribing the right to trial by jury, does not extend to cases in equity but is confined to cases at law. *Flaherty* v. *McCormick,* 113 Ill. 538; *Heacock* v. *Hosmer,* 109 id. 245; *Maynard* v. *Richards,* 166 id. 466.

The jurisdiction of courts of equity to render deficiency decrees in foreclosure proceedings has been expressly conferred by statute in this State since 1865. Thus for nearly three-quarters of a century our rules and practice have enabled chancellors to enter deficiency decrees in foreclosure proceedings without a jury. No authorities have been cited, and no good reason has been advanced, why the statute authorizing this practice should now be invalidated. Under ordinary conditions, the determination of the amount due as a deficiency judgment is a simple process of arithmetic which a chancellor can calculate in a few minutes.

Appellants complain that section 16 above referred to is a violation of due process of law in that it does not authorize courts of equity to render deficiency decrees in all cases where there is a deficiency resulting from the sale of mortgaged premises, but only in those cases where the

defendant is personally served with process or personally enters his appearance. The single case cited in support of this contention (*Sturges and Burn Manf. Co.* v. *Pastel,* 301 Ill. 253,) is not an equity case and is not in point. There, an act of 1893 which provided trials by jury in all cases where a judgment might be satisfied by imprisonment was held a violation of the constitutional provision regarding due process of law because it discriminated between two different classes of defendants. In the case at bar, the statute makes no provision for jury trials in any case but provides for deficiency decrees in all cases where any balance of money is found due to complainant above the proceeds of the sale. The legislative provision that "executions shall issue only in cases where personal service shall have been had upon the defendant or defendants personally liable for the mortgage debt, unless their appearance shall be entered in such suits" is not an improper legislative provision, but is essential to due process of law. The essential elements of due process of law are notice to the defendant and an opportunity to be heard in the protection of his rights before a court of competent jurisdiction, in an orderly proceeding adapted to the nature of the case. (*Rabbitt* v. *Weber & Co.* 297 Ill. 491; *City of Chicago* v. *Cohn,* 326 id. 372; *People* v. *Lavendowski,* 329 id. 223.) This statute is in furtherance of the general objects of due process, and imposes no arbitrary or unreasonable classification.

We have examined the record in other respects and find no irregularities. The trial court properly confirmed the sale and committed no error in entering the deficiency judgment without a jury.

The decree is affirmed.

*Decree affirmed.*

Mr. JUSTICE SHAW, specially concurring: I agree with the result reached in this opinion but not with all that is said therein.