(No. 24153.—

THE NORTHERN TRUST COMPANY *et al.* Trustees, Appellees, *vs.* WILLIAM E. MEYERS *et al.* Appellants.

*Opinion filed October 15, 1937—Rehearing denied Dec. 8, 1937.*

CHARLES P. R. MACAULAY, for appellants.

HELMER, MOULTON, WHITMAN & HOLTON, (ROLAND D. WHITMAN, and HERBERT R. TEWS, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants seek a review of a decree of the circuit court of Cook county foreclosing a trust deed and decreeing a deficiency judgment. They say that section 16 of the act relating to mortgages, which authorizes the entry of a de-

ficiency decree in such a case, is invalid, as in contravention of sections 2 and 5 of article 2 of our constitution and the due process clauses of both Federal and State constitutions. Thus the appeal is brought directly here.

The facts, briefly, are, that the original mortgagors, Antionette Jacobson and her husband, gave a note in the sum of $15,000, dated June 1, 1927, due in three years with interest coupons bearing interest at seven per cent after maturity, and executed a trust deed on real estate to secure the note. The rents of the property conveyed under the trust deed were also assigned to the trustee. On June 1, 1930, an agreement was entered into extending the note for a period of three years. Appellants purchased the property on August 11, 1930, and assumed and agreed to pay the debt represented by the trust deed. On default, foreclosure proceedings were instituted. On December 9, 1936, a decree for foreclosure and sale was entered and sale was had pursuant thereto, resulting in a deficiency in the sum of $3134. The court approved the sale and entered a decree for the deficiency. This decree was entered over the objection of the appellants.

The questions here raised are controlled by the decision in *Martin* v. *Strubel,* (*ante,* p. 21,) decided at the June term of this court, where it was held that section 16 of the Mortgages act is not repugnant to section 2 or section 5 of article 2 of our constitution, and does not fail to provide due process, as required by the due process clauses of the State and Federal constitutions. The decision in that case disposes of the main contentions of appellants here. Appellants also say that the court erred in including in the amount found due on foreclosure of the trust deed, certain attorney's fees and cost of certificates of title. It is a sufficient answer to this objection to say that such were provided for in the trust deed.

The decree of the circuit court is affirmed.

*Decree affirmed.*