# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Metrobank v. Cannatello*, 2012 IL App (1st) 110529

---

| | |
|---|---|
| Appellate Court Caption | METROBANK, Successor by Merger with Chicago Community Bank, Plaintiff-Appellant, v. FRANK R. CANNATELLO, THE CITY OF CHICAGO, UNKNOWN OTHERS AND NONRECORD CLAIMANTS, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-11-0529 |
| Rule 23 Order filed | December 27, 2011 |
| Rule 23 Order withdrawn | January 4, 2012 |
| Opinion filed | January 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In mortgage foreclosure proceedings, the trial court erred in denying plaintiff's request for a personal deficiency judgment against defendant based on the finding that he was not personally served as required by section 15-1508(e) of the Mortgage Foreclosure Law, but failed to appear after receiving notice by abode service, since the phrase "personal service," as used in section 15-1508(e) includes both manners of service on individuals as provided under section 2-203 of the Code of Civil Procedure. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-003150; the Hon. Franklin U. Valderama, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Martin & Karcazes, Ltd., of Chicago (Lance Johnson, of counsel), for appellant.

No brief filed for appellee.

Panel

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.

Justices Hall and Karnezis concurred in the judgment and the opinion.

## OPINION

¶ 1        Plaintiff-appellant, Metrobank, successor by merger with Chicago Community Bank, brought this action to foreclose a mortgage and obtain a personal deficiency judgment against defendant-appellee Frank R. Cannatello (defendant).[1] Defendant failed to appear in this case after receiving notice via abode service. A default judgment was entered against him and the mortgaged property was sold. After the sale, the trial court denied plaintiff's request for a personal deficiency judgment, having found that defendant was not personally served as required under section 15-1508(e) of the Illinois Mortgage Foreclosure Law (Foreclosure Law). 735 ILCS 5/15-1508(e) (West 2010). It appears that no Illinois case has previously addressed whether a personal deficiency judgment may be entered against a defendant who failed to appear in the foreclosure action after abode service. We reverse.

¶ 2                                I. BACKGROUND

¶ 3        The mortgage at issue was executed by defendant on May 11, 2004, and was on a multi-unit property located at 520 W. 44th Place in Chicago (property). The mortgage was secured by defendant's promissory note, which was later renewed in a principal amount of $190,318.25. The mortgage provided for various remedies in the event of a default by defendant, including the right to obtain a judgment against defendant for any deficiency owed plaintiff after foreclosure and sale of the property. The mortgage was recorded against the property on July 14, 2004. The mortgage and notes listed defendant's home address as 2947 S. Halsted Street, Chicago. Subsequently, defendant defaulted on his payments.

¶ 4        On January 25, 2010, plaintiff filed its complaint against defendant seeking to foreclose the mortgage on the property pursuant to section 15-1504 of the Foreclosure Law. 735 ILCS

---

[1]Metrobank also named a number of other parties as defendants. None of the named defendants-appellees, including defendant, have ever filed appearances or otherwise participated in this case.

5/15-1504 (West 2010). The unpaid principal balance, at the time of the filing of the complaint, was $189,203.54. Plaintiff also alleged defendant was personally liable for any deficiency. The complaint prayed for a judgment of foreclosure, sale of the property, and a personal judgment for any deficiency balance found due after the sale against defendant.

¶ 5        Pursuant to section 2-203 of Article II of the Illinois Code of Civil Procedure, plaintiff accomplished abode service on defendant. 735 ILCS 5/2-203 (West 2010). The sheriff's affidavit of service averred that, on February 17, 2010, a copy of the complaint and summons was left with Robert Cannatello, age 64, a member of defendant's family or person who lived at 2947 S. Halsted Street in Chicago, defendant's usual place of abode. The affidavit further stated the deputy sheriff explained the contents of the complaint and summons to Robert Cannatello and mailed the summons and complaint in a sealed envelope with postage prepaid to defendant at the same address.

¶ 6        Defendant failed to appear or answer. On July 14, 2010, upon plaintiff's motion, with notice to defendant, and supported by affidavits and exhibits, the circuit court found defendant in default and entered a default judgment in the amount of $214,173.57 in favor of plaintiff and ordered the sale of the property. The order also provided that, after the sale:

> "[I]f the remainder of the proceeds shall not be sufficient to pay the above described amounts and interest, the Selling Officer shall then specify the amount of the deficiency in his Report of Sale. The Plaintiff shall be entitled to a judgment ***in personam/in rem*** against defendant(s) FRANK R. CANNATELLO, as the named defendant(s) for the amount of such deficiency, with the same lien priority as to the underlying mortgage foreclosed herein." (Emphasis in original.)

Judicial Sales Corporation was appointed selling officer for the public auction of the property.

¶ 7        On October 15, 2010, the property was sold to plaintiff as the highest bidder for a credit bid of $170,000. The report of the sale and distribution indicated a deficiency of $51,956.89. On December 16, 2010, plaintiff filed a motion to confirm the sale and a motion under section 15-1508(e) of the Foreclosure Law seeking a judgment against defendant for the deficiency. Section 15-1508(e) of the Foreclosure Law provides:

> "In any order confirming a sale pursuant to the judgment of foreclosure, the court shall also enter a personal judgment for deficiency against any party (i) if otherwise authorized and (ii) to the extent requested in the complaint and proven upon presentation of the report of sale in accordance with Section 15-1508. Except as otherwise provided in this Article, a judgment may be entered for any balance of money that may be found due to plaintiff, over and above the proceeds of the sale or sales, and enforcement may be had for the collection of such balance, the same as when the judgment is solely for the payment of money. Such judgment may be entered, or enforcement had, only in cases where personal service has been had upon the persons personally liable for the mortgage indebtedness, unless they have entered their appearance in the foreclosure action." 735 ILCS 5/15-1508(e) (West 2010).

Defendant was notified of the motions. The circuit court confirmed the sale on January 20, 2011, but it entered an order denying the motion for a personal deficiency judgment "based on the reason that abode service was had on the defendant." Plaintiff timely appealed.

¶ 8                                    II. ANALYSIS

¶ 9        On appeal, plaintiff contends the circuit court erred when it determined that abode service was insufficient to obtain a personal deficiency judgment against defendant under section 15-1508(e), where defendant had not appeared. Plaintiff argues that the phrase "personal service," as used in section 15-1508(e), should be interpreted to include both manners of service on individuals as provided under section 2-203 of Article II of the Code of Civil Procedure. We agree.

¶ 10       We note that defendant has not filed an appellee's brief. We therefore consider the merits of plaintiff's appeal on its brief alone, pursuant to the principals set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976) (a reviewing court should decide the merits of an appeal where the record and the claimed errors are such that a decision can be made easily without the aid of an appellee's brief).

¶ 11                                A. Standard of Review

¶ 12       This appeal raises an issue of law as to the interpretation of the phrase "personal service" contained in section 15-1508(e) of the Foreclosure Law. The trial court's ruling is subject to *de novo* review. *JPMorgan Chase Bank, N.A. v. Earth Foods*, *Inc.*, 238 Ill. 2d 455, 461 (2010). In *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440-41 (2010), our supreme court set forth the fundamental rules of statutory construction as follows:

> "As we have consistently held, our primary objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. [Citation.] The most reliable indicator of such intent is the language of the statute, which is to be given its plain and ordinary meaning. [Citation.]
>
> In determining the plain meaning of the statute, we consider the statute it its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it. [Citation.] When the statutory language is clear and unambiguous, it must be applied as written, without resort to extrinsic aids of statutory construction. [Citation.]
>
> However, if a statute is capable of being understood by reasonably well-informed persons in two or more different ways, the statute will be deemed ambiguous. [Citation.] If the statute is ambiguous, the court may consider extrinsic aids of construction in order to discern the legislative intent. [Citation.] We construe the statute to avoid rendering any part of it meaningless or superfluous. [Citation.] We do not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. [Citation.]

We may also consider the consequences that would result from construing the statute one way or the other. [Citation.] In doing so, we presume that the legislature did not intend absurd, inconvenient, or unjust consequences. [Citation.]"

¶ 13    With these rules in mind, we begin our analysis by examining the principles surrounding service of process, the history and the nature of foreclosure proceedings and deficiency judgments, and by reviewing the relevant provisions of the Foreclosure Law. Our citation to appellate court decisions prior to 1935 is for historical or persuasive purposes, and not as binding precedential authority. See *Parker v. Murdock*, 2011 IL App (1st) 101645, ¶ 23.

¶ 14                                    B. Service of Process

¶ 15    Absent the appearance of defendant or waiver of process, the service of summons "in the matter directed by statute" is necessary to create personal jurisdiction over a defendant. *Kappel v. Errera*, 164 Ill. App. 3d 673, 677 (1987); *State Bank of Lake Zurich v. Thill*, 135 Ill. App. 3d 747, 754 (1985). "Service to be effective must be by personal service unless designated otherwise by law." *Bell Federal Savings & Loan Ass'n v. Horton*, 59 Ill. App. 3d 923, 927 (1978) (citing *Haj v. American Bottle Co*., 261 Ill. 362 (1913)). Section 2-203(a) of Article II of the Code of Civil Procedure states: "*service of summons upon an individual defendant* shall be made (1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." (Emphasis added.) 735 ILCS 5/2-203(a) (West 2010). The abode service provision of section 2-203 has been found to meet the requirements of due process in a foreclosure action, as such service is a reasonable method of informing a defendant of the pendency of the suit and providing a defendant an opportunity to be heard. *Mid-America Federal Savings & Loan Ass'n v. Kosiewicz*, 170 Ill. App. 3d 316, 327 (1988). Accordingly, where there is abode service as set forth in section 2-203, a court hearing a foreclosure action or any other action at law or equity would have personal jurisdiction over a defendant who resides within this state.

¶ 16    An action *in rem* is considered to be " 'taken directly against property or one which is brought to enforce a right in the thing itself.' " *In re Possession & Control of the Commissioner of Banks & Real Estate of Independent Trust Corp.*, 327 Ill. App. 3d 441, 465 (2001) (quoting Black's Law Dictionary 713 (5th ed. 1979)). *In rem* proceedings do not require "personal service of process." *In re Commissioner*, 327 Ill. App. 3d at 465.

¶ 17       C. History and Nature of Foreclosure Actions and Deficiency Judgments

¶ 18    In *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526 (2010), our supreme court recently addressed the question of whether foreclosure proceedings should be

considered *quasi in rem* or *in rem* proceedings. There, the court noted that prior decisions had "inconsistently characterized a foreclosure as both *in rem* and *quasi in rem* actions." *Id*. at 533. The court concluded that a foreclosure suit "must be deemed a *quasi in rem* action" (*id*. at 535), explaining that:

> "because the mortgagor is a necessary party in a foreclosure action, it is necessarily true that there must be personal service on the mortgagor, *i.e.*, 'citation' to him or her. [Citation.] In *in rem* actions, personal service is not required on any person, not even the owner. [Citation.] In *in rem* actions, there is a public citation to the world. [Citation.]" *Id*. at 536-37.

¶ 19    Additionally, historically foreclosure actions have been considered equitable in nature and matters for chancery courts. *Levy v. Broadway-Carmen Building Corp.*, 366 Ill. 279, 287 (1937) (foreclosure is "committed to courts of chancery, under their general equity powers"). Prior to the adoption of the judicial article of the Illinois Constitution of 1970, there was a distinction between courts of law and equity as to jurisdiction to hear matters. *Stevens v. Protectoseal Co.*, 27 Ill. App. 3d 724, 729 (1975) (recognizing that the judicial article granted circuit courts original jurisdiction of all justiciable matters and vested the circuit courts with jurisdiction to adjudicate all controversies). Under early jurisprudence of this state, in part because of the distinction between actions at law and equity, and in part because foreclosure actions were largely considered "*in rem*," a personal deficiency judgment at law could not be entered in a foreclosure proceeding in the absence of statutory authority. *State Bank of St. Charles v. Burr*, 375 Ill. 379, 382 (1941); *Hickey v. Union National Bank & Trust Co. of Joliet*, 190 Ill. App. 3d 186, 190 (1989) ("Prior to the merger of actions based in equity with those of law, there existed a marked distinction between the power of a court of equity to decree mortgage foreclosures and its power to enter a personal deficiency judgment."); Note, *Mortgage Deficiency Acts and the Impairment of Contract Clause*, 35 Ill. L. Rev. of Northwestern University 594, 596 (1941) ("Under original equity practice, a foreclosure action was strictly *in rem* and the court had no authority to render a personal judgment for a deficiency. Since this practice was followed by states generally, most courts of equity refused to render deficiency judgments unless authorized by statute.").

¶ 20    In contrast, courts in equity had the power to enter decrees directing that rents or other income relating to the property be used to satisfy any deficiency, even in the absence of personal service, as such a judgment was considered to be against the property or "*in rem*" and not personal. *Fidelity Trust & Savings Bank v. Ahlgrim*, 278 Ill. App. 147, 151 (1934); *St. Ange v. Chambliss*, 71 Ill. App. 3d 658, 660 (1979). As a result, a mortgagee was required to bring a separate action at law to obtain a personal judgment for any deficiency after the sale of the property in foreclosure. *Burr*, 375 Ill. at 383. Such a judgment was considered "*in personam.*" See *Lewis v. Matteson*, 257 Ill. App. 1, 5 (1929); *Metz v. Dionne*, 250 Ill. App. 369, 373 (1928) ("[T]he right to a personal judgment in foreclosure proceedings does not rest on general equity principles but upon the legal obligation of the maker of the note."); *Hughes v. Hoerich*, 259 Ill. App. 158, 162 (1930) (" 'The mortgagee might, if he desired a judgment *in personam*, bring his action at law upon the indebtedness, and might at the same time file a bill in chancery for the foreclosure of the mortgagor's equality of redemption.' " (quoting

*Phelan v. Iona Savings Bank*, 48 Ill. App. 171 (1892))).

¶ 21    Prior to the enactment of the Foreclosure Law, statutory authority existed in this state–at least since 1865–which allowed the entry of a personal judgment against the mortgagor for the balance of money due after the sale of property. See *Martin v. Strubel*, 367 Ill. 21, 23-24 (1937); *Northern Trust Co. v. Sanford*, 308 Ill. 381, 395 (1923). These statutory provisions were found to be constitutional and satisfy due process considerations. *Martin*, 367 Ill. at 24; *Northern Trust Co. v. Meyers*, 367 Ill. 308, 309 (1937). Prior statutes authorizing personal deficiency judgments required that personal service be effectuated where defendant had not personally appeared. See, *e.g.*, *Martin*, 367 Ill. at 24 (referring to Ill. Rev Stat. 1935, ch. 95, ¶ 16); *Strause v. Dutch*, 250 Ill. 326, 331 (1911) (referring to Ill. Rev Stat. 1909, ch. 95, ¶ 16); *Ahlgrim*, 278 Ill. App. at 150-51 (referring to Ill. Rev Stat. 1933, ch. 95, ¶ 17*)*; *Skolnik v. Petella*, 376 Ill. 500, 502-03 (1941) (referring to Ill. Rev. Stat. 1939, ch. 95, ¶ 17). The purpose of these provisions was to allow a mortgagee to "obtain a decree *in rem* for the sale of the property and a decree *in personam* in case of a deficiency, in the same proceeding." *Burr*, 375 Ill. at 382.

¶ 22    Certain issues arose as to the sufficiency of service under these prior statutes authorizing personal deficiency judgments. For example, in *City of Chicago v. Chatham Bank of Chicago*, 54 Ill. App. 2d 405, 406 (1964), the city brought the original action against a trustee under a land trust and the trustee under a mortgage to enforce compliance with certain ordinances by requiring repairs to the building at issue. Gale Johnson, an obligor on the note securing the mortgage on the property, filed a *pro se* appearance in the ordinance suit, although she had not been named or made a defendant. *Id*. The owners and holders of the mortgage on the property were granted leave to intervene in the city's suit and thereafter filed a counterclaim to foreclose the mortgage naming Ms. Johnson as a defendant. The counterclaim alleged Ms. Johnson was personally liable for any deficiency that would result after a foreclosure sale. *Id*. at 406-07.

¶ 23    An affidavit of service stated the counterclaim was mailed to Ms. Johnson. *Id*. at 409. In a pleading filed on the same day, the counterplaintiffs stated that they had been unsuccessful in their attempts to contact Ms. Johnson to discuss a settlement. *Id*. Ms. Johnson did not appear or answer the counterclaim, was found in default, and–after the sale of the property–a deficiency judgment was entered against her. *Id*. at 409-10. The relevant statute at the time provided that "an execution upon a deficiency decree can only issue in cases where personal service was had upon the defendant or defendants 'personally liable for the mortgage debt, unless their appearance shall be entered in such suits.' " *Id*. at 414-15 (quoting Ill. Rev. Stat. 1963, ch. 95, ¶ 17).

¶ 24    The *Chatham* court found a judgment *in personam* should not have been entered in the foreclosure counterclaim based on the facts and circumstances in that case. Ms. Johnson had not been made a party and had not been served in the original suit when intervention was allowed. *Id*. at 421-22. Noting that "personal service" was required, the court found the "attempt to bring her within the *jurisdiction* of the court by serving notices upon her at her last known address when the attorneys for the defendant admitted that she had disappeared

and was not available for service, is not sufficient." (Emphasis added.) *Id*. at 422. The *Chatham* decision thus turned on whether, under the circumstances, the trial court had personal jurisdiction over the defendant so as to allow the entry of a personal deficiency judgment.

¶ 25        In *Ahlgrim*, 278 Ill. App. at 148, a foreclosure suit was brought against the defendants, the makers of notes secured by a trust deed. Because the defendants could not be found, service was by publication. *Id*. The foreclosure decree provided that any deficiency was to be satisfied from the rents, profits or issues in accordance with the terms of the trust deed. *Id*. at 149. The appellate court rejected an argument that this decree was improper, because the defendants had not been personally served, as the decree was "not in the nature of a personal judgment in so far as the rents, issues and profits are concerned, but is an enforcement of the lien granted by the trust deed to an interest in the real estate consisting of the rents and profits derived therefrom." *Id*. at 151; accord *Chicago Title & Trust Co. v. Suter*, 287 Ill. App. 162, 168 (1936). Thus, the appellate court found that while personal jurisdiction did not exist based on publication notice, it was not necessary because the deficiency decree at issue was *in rem*. *Ahlgrim*, 278 Ill. App. at 151. As in *Chatham*, the *Ahlgrim* court's concern was the need for personal jurisdiction over the defendant for any deficiency judgment.

¶ 26                                      D. Foreclosure Law

¶ 27        The Foreclosure Law, which was enacted in 1987, brought together various statutory provisions relating to foreclosure that previously had been spread throughout various codes and governs actions commenced after its effective date. 735 ILCS 5/15-1106(f) (West 2010); see also Catherine A. Gnatek, Note, *The New Mortgage Foreclosure Law: Redemption and Reinstatement*, 1989 U. Ill. L. Rev. 471 (1989). A foreclosure action seeks to "terminate legal and equitable interests in real estate." 735 ILCS 5/15-1203 (West 2010). Article II of the Code of Civil Procedure generally applies to an action brought under the Foreclosure Law. 735 ILCS 5/15-1107(a) (West 2010).

¶ 28        The Foreclosure Law sets forth the general form of a foreclosure complaint. 735 ILCS 5/15-1504(a) (West 2010). The statutory short-form complaint may include the "[n]ames of defendants claimed to be personally liable" for any deficiency (735 ILCS 5/15-1504(a)(3)(M) (West 2010)) and request a "personal judgment for a deficiency" in the event that "the sale of the mortgaged real estate fails to produce a sufficient amount to pay the amount found due." (735 ILCS 5/15-1504(f) (West 2010)). See also 735 ILCS 5/15-1511 (West 2010) ("foreclosure of a mortgage does not affect a mortgagee's rights, if any, to obtain a personal judgment against any person for a deficiency"). The mortgagor, and other persons "who owe indebtedness or *** other obligations secured by the mortgage," are necessary parties to a foreclosure action. 735 ILCS 5/15-1501(a)(i), (a)(ii) (West 2010). The Foreclosure Law specifically states, service of process of the summons and foreclosure complaint "shall be in accordance with the provisions of Article II of the Illinois Code of Civil Procedure and any other statutes of this State which are from time to time applicable, and with Illinois Supreme

Court Rules." 735 ILCS 5/15-1107(a) (West 2010).

¶ 29    A judgment of foreclosure may be entered by default and, as with any judgment of foreclosure, provide for the sale of the property. 735 ILCS 5/15-1506(c), (f) (West 2010). The person who conducts the sale must "promptly make a report to the court" and upon a motion, the court will conduct a hearing to confirm the sale. 735 ILCS 5/15-1508(a), (b) (West 2010). An order confirming the sale may "provide for a personal judgment against any party for a deficiency." 735 ILCS 5/15-1508(b)(2) (West 2010). The provisions of section 15-1508(e), set forth above, along with the prior statutory provisions previously discussed, therefore provide the foreclosure court with the authority to enter personal judgments for any deficiencies after sale of the real estate where defendant has been personally served or has appeared. 735 ILCS 5/15-1508(e) (West 2010).

¶ 30                    E. "Personal Service" Under Section 15-1508

¶ 31    Thus, the Foreclosure Law provides a claim for deficiency judgment may be brought as part of a foreclosure action, and where defendant is personally liable for such deficiency, and has appeared or been subject to "personal service," a deficiency judgment shall be entered and enforced as any other money judgment. Although the Foreclosure Law does not include a definition of the phrase "personal service," it does specifically provide that service shall be in accordance with Article II of the Code of Civil Procedure, which notably includes the abode service provisions of section 2-203.

¶ 32    The record establishes defendant here was properly served in accordance with section 2-203. The service was made at defendant's home address listed on the mortgage and notes. The complaint and summons were left with a person of proper age, who had the same last name as defendant, and who was averred to be a family member or person who resided at defendant's abode, and then correctly mailed to defendant. The circuit court had personal jurisdiction over defendant and service was accomplished as set forth in Article II of the Code of Civil Procedure. When the phrase "personal service" is read in conjunction with section 2-203–which governs service on individuals and has been specifically incorporated into the Foreclosure Law–it is reasonable to conclude abode service satisfies the service requirements of section 15-1508.

¶ 33    We are aware of a long line of cases which distinguish the "abode service" procedure for service of process on individuals from personal service by referring to abode service as "substitute service." See, *e.g.*, *Mid-America Federal Savings*, 170 Ill. App. 3d at 322. These cases usually involve the standards for determining whether the requirements of section 2-203 have been met in the context of a motion-to-quash service, and do not involve issues of statutory construction as to the phrase "personal service." Abode service, however, has long been "regarded as actual service." *Brand v. Brand*, 252 Ill. 134, 140 (1911). We have also recognized that the abode service provision of section 2-203 is personal in nature, in the context of construing a similar statutory provision. Specifically, we stated as follows:

"The language of section 2-203 is similar to that set forth in section 12-911. Specifically,

-9-

section 2-203 provides that service shall be made 'by leaving a copy thereof with the defendant personally,' or 'by leaving a copy at the defendant's usual place of abode, with some person of the family *** of the age of 13 years or upwards.' [Citation.] Clearly, section 2-203 provides for personal service or substituted service, which, too, must be personal." *Northwest Diversified, Inc. v. Mauer*, 341 Ill. App. 3d 27, 38 (2003).

¶ 34 Furthermore, definitions in dictionaries and treatises "are reliable indicators of the meaning of an undefined statutory term." *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 465 (2010). Plaintiff's brief cites definitions of "service" or "personal service" found in legal dictionaries published prior to enactment of the Foreclosure Law, each of which included abode service within their respective definitions. See Bouvier's Law Dictionary 3048 (8th ed. 1984) (definition of "service" includes the following passage: "to serve a summons is to deliver a copy of it at the house of the party, or to deliver it to him personally"); Black's Law Dictionary 1227 (5th ed. 1979) (defining "personal service" to include "delivering a copy of the summons and complaint to the person named or by leaving copies thereof at his dwelling or usual place of abode with some responsible person"). Finally, these matters have been discussed in *Corpus Juris Secundum* as follows:

"Personal service ordinarily means actual delivery of the process to the defendant in person, and does not include service by leaving a copy at his or her usual place of abode, or his or her home, or at his or her office, or by delivery to someone else for him or her, although, *under some statutes,* the term '*personally served*' includes such service." (Emphasis added.) 72 C.J.S. *Process* § 42 (2005).

These dictionary and treatise definitions lend support to our reading of the phrase "personal service" found in section 15-1508 to include abode service as set forth in section 2-203.

¶ 35 Moreover, we must determine the legislative purpose by considering both the history of the particular statutory provision and the goals to be accomplished, and by reading the statute as a whole. *People ex rel. Nelson v. Olympic Hotel Building Corp.*, 405 Ill. 440, 445 (1950). "Historical facts and the significant circumstances leading up to the enactment of a statute may be noticed to show that a literal interpretation of the words used is not the intended meaning." *Id*. As we have discussed, deficiency judgment statutes originated when foreclosures were considered strictly equitable in nature and often considered *in rem* proceedings. Statutory deficiency judgment provisions were enacted to give courts in equity, charged with determining and enforcing the parties' rights as to real property, the authority to enter personal money judgments at law. These early deficiency judgment provisions addressed a prevailing view that a personal judgment should not be entered in a foreclosure action unless defendant "was in court in some appropriate mode." *Winkelman v. Kiser*, 27 Ill. 20, 22 (1861).

¶ 36 When considering the relevant history, we conclude that the inclusion of the phrase "personal service" demonstrates a legislative concern that a court hearing a foreclosure action have personal jurisdiction over the defendant before the entry of a personal judgment. As such, we interpreted a prior version of a similar deficiency judgment statute as providing the trial court with "express statutory authority to render a personal judgment for a deficiency

against any defendant over whom it has *personal jurisdiction*, or any defendant who has appeared in the foreclosure action." (Emphasis added.) *Farmer City State Bank v. Champaign National Bank*, 138 Ill. App. 3d 847, 849-50 (1985) (interpreting Ill. Rev. Stat. 1981, ch. 95, ¶ 56, which provided for a judgment for balance of money due after foreclosure sale, and " 'execution shall issue only in cases where personal service has been had upon the defendant or defendants personally liable for the mortgage debt, unless they have entered their appearance in such suits' ").

¶ 37 Our interpretation that the phrase "personal service," as contained in section 15-1508(e), encompasses both procedures set forth in section 2-203 is therefore consistent with the original purpose for a deficiency judgment statute. Deficiency judgment statutes were enacted to allow actions for a personal deficiency judgment and a foreclosure to proceed together in a single proceeding. To hold that abode service is appropriate and sufficient to obtain jurisdiction over plaintiff for the purposes of a foreclosure claim, but not for purposes of a request for a deficiency judgment within that action, would be contrary to this purpose. Moreover, the Foreclosure Law anticipates that a claim for deficiency judgment will be part of a foreclosure suit, as it provides a foreclosure complaint may include allegations and a request for relief as to any deficiency and further provides that such a judgment "shall" be entered pursuant to section 5-1508. Our interpretation of the phrase "personal service" is thus consistent with the Foreclosure Law as a whole, and furthers its express purposes.

¶ 38 Indeed, an interpretation that abode service is insufficient to seek a personal judgment for the deficiency in a foreclosure action would lead to absurd, inconvenient and unjust consequences. Under such an interpretation, the mortgagor would be forced to bring a separate suit for a deficiency judgment, one where abode service alone would provide the court with personal jurisdiction over a defendant. We do not believe such a result was intended by the legislature.

¶ 39                                    III. CONCLUSION

¶ 40 For the foregoing reasons, we find the trial court erred in denying plaintiff's motion for a deficiency judgment, reverse only that decision, and remand for further proceedings consistent with this decision.

¶ 41 Reversed and remanded.