# Illinois Official Reports

## Appellate Court

---

### MB Financial Bank, N.A. v. Allen, 2015 IL App (1st) 143060

---

| | |
|---|---|
| Appellate Court Caption | MB FINANCIAL BANK, N.A., Successor in Interest to Heritage Community Bank, Plaintiff-Appellant, v. DANIEL L. ALLEN; MARGARET B. ALLEN; UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>Docket No. 1-14-3060 |
| Rule 23 order filed<br>Motion to publish allowed and rehearing denied<br>Modified opinion filed upon denial of rehearing | June 12, 2015<br><br><br>July 16, 2015<br><br><br>July 24, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CH-03633; the Hon. Allen P. Walker, Judge, presiding. |
| Judgment | Reversed in part; vacated in part; deficiency judgments entered. |
| Counsel on Appeal | Higgins Law Office, of Chicago (Robert G. Higgins and Michael R. Brancheau, of counsel), for appellant.<br><br>Kruger & Gruber, LLP, of Chicago (Christopher Kruger and Werner Gruber, of counsel), for appellees. |

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Hall concurred in the judgment and opinion.


**OPINION**

¶ 1        Plaintiff, MB Financial Bank, N.A. (MBF), brought a foreclosure action against defendants, Daniel L. Allen and Margaret B. Allen (the Allens), the mortgagors and owners of the multiunit building located at 1532 E. Marquette Road, in Chicago (the property) which was encumbered by the mortgage. The circuit court entered a judgment of foreclosure and sale in the amount of $891,285.95 in favor of MBF against both Daniel and Margaret "on the note." After the judicial sale, the circuit court denied MBF's request for the entry of a personal deficiency judgment against both Daniel and Margaret finding the complaint which had deviated from the statutory short form complaint set forth in section 15-1504 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1504 (West 2010)), did not sufficiently allege such a claim. The circuit court subsequently denied MBF's motion to reconsider and its oral motion for leave to file an amended complaint. The circuit court also entered an order: modifying the language of the judgment of foreclosure so as to make clear that personal deficiency judgments could only be entered if properly pled as required by the Foreclosure Law; and striking the language "on the note" from the paragraphs in the judgment of foreclosure which entered money judgments against Daniel and Margaret. For the reasons that follow, we: reverse the denial of MBF's motion to reconsider, as the request for the entry of personal deficiency judgments was sufficiently supported by the allegations of the complaint, its exhibits, and the evidence; enter the deficiency judgments pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994); and vacate the order modifying the language of the judgment of foreclosure.

¶ 2        On April 9, 2008, Heritage Community Bank (Heritage), the predecessor in interest to MBF, made a loan of $900,000 to the Allens. In return, the Allens executed a note, "jointly and severally" promising to pay the amount of the loan to Heritage. The note was later amended and made payable to MBF. The note authorized a confession of judgment against the Allens for any unpaid amount "as evidenced by an affidavit by an officer of the lender setting forth the amount then due." The note was secured by a mortgage dated April 9, 2008, which was executed by the Allens and made them jointly and severally responsible for all obligations of the mortgage. The mortgage was subsequently modified on April 9, 2011, in favor of MBF. The mortgage encumbered the property and authorized MBF, upon a default by the Allens, to foreclose upon the property and "obtain a judgment for any deficiency." The mortgage gave MBF, in addition to those rights and remedies specifically set forth in the mortgage and note, all rights and remedies "available at law or in equity." The Allens failed to pay the balance of the principle and interest due on the note when it matured on October 12, 2012.

¶ 3        On February 6, 2013, pursuant to the Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2010)), MBF filed suit against the Allens based upon their failure to meet their obligations under the note and the mortgage. The complaint attached copies of the mortgage, the

modification to the mortgage, and the note. MBF contended the Allens "did not pay the balance of principal and interest due on the note when it became due," and asserted the amount then due under the note was $884,044.72. MBF's prayers for relief included a request for a judgment of foreclosure and sale and a "personal judgment for deficiency, if applicable and sought, and only against parties who have not received a Chapter 7 bankruptcy charge or who are not protected by the automatic stay at sale confirmation." MBF also generally sought "[s]uch other and further relief as this court deems just."

¶ 4 The complaint generally followed the statutory short form complaint set forth in section 15-1504(a) of the Foreclosure Law. 735 ILCS 5/15-1504(a) (West 2010). MBF's complaint differed from the statutory form in some respects including, as relevant here, paragraph (M). Section 15-1504(a)(3)(M) includes the language: "(M) Names of defendants claimed to be personally liable for deficiency, if any." 735 ILCS 5/15-1504(a)(3)(M) (West 2010). In its paragraph (M), MBF instead alleged:

"(M) Names of persons who executed the Note, Assumption Agreements(s), or Personal Guarantee: Daniel L. Allen and Margaret B. Allen.

Please note that no personal deficiency will be sought against any party who has received a Chapter 7 discharge or who is protected by the automatic stay at sale confirmation."

¶ 5 The Allens filed an answer to the complaint which included a denial of the allegations of paragraph (M). In their answer, the Allens admitted that "true" copies of the note and mortgage were attached to the complaint.

¶ 6 On April 22, 2013, MBF filed a motion for summary judgment. MBF attached the verified declaration of Robert Romero, vice president of MBF. Mr. Romero stated that he had personal knowledge of the facts set forth in his declaration and had reviewed the relevant records. Mr. Romero stated that the Allens had defaulted on their loan and "each of them is therefore indebted to plaintiff" for the sum of $885,581.08, which was the total unpaid principal, interest, and late fees as of April 19, 2013, and for attorney fees. Additionally, MBF attached a proposed judgment of foreclosure and sale and other relief (proposed judgment) which included the entry of a money judgment and a deficiency judgment against both Daniel and Margaret. MBF requested entry of an order in the form of its proposed judgment. Although counsel for the Allens requested a briefing schedule, they failed to file a written response to MBF's motion for summary judgment.

¶ 7 On November 1, 2013, the circuit court, pursuant to the motion for summary judgment, entered a judgment of foreclosure and sale and other relief (the judgment of foreclosure) and directed that the property be sold. The judgment of foreclosure was in the form of the proposed judgment. In the judgment of foreclosure, the circuit court found that the Allens were indebted to plaintiff pursuant to the note and the mortgage in the amount of $891,285.95 (which included attorney fees). In paragraph 9 of the judgment of foreclosure, the circuit court entered a judgment in favor of MBF in that amount. Furthermore, paragraph 19 of the judgment of foreclosure stated that if the proceeds arising from the judicial sale were insufficient to pay the amounts due to MBF under the judgment of foreclosure, then the selling officer was required to specify the amount of the deficiency and a deficiency judgment for that amount would be entered against the Allens. In addition, pursuant to paragraphs 25 and 26 of the judgment of foreclosure, the circuit court entered separate judgments in the amount of $891,285.95 in favor of MBF against both Daniel and Margaret "on the note."

¶ 8    MBF was the successful bidder at the February 4, 2014, judicial sale. According to the report of sale and distribution, the judicial sale resulted in a deficiency in the amount of $603,339.02.

¶ 9    At a March 19, 2014, hearing, MBF presented its motion to confirm the foreclosure sale and for an order of possession. In its motion, MBF asked for a deficiency judgment against both Daniel and Margaret in the amount of the deficiency as set forth in the report of sale: $603,339.02. MBF, in its appellate brief, states that during the hearing on the motion to confirm, the circuit court advised MBF's counsel that because the complaint insufficiently pled a request for a deficiency judgment, it would not enter personal deficiency judgments against the Allens and, as a result, MBF requested time to review its pleadings. However, the record on appeal does not include a transcript of the proceedings which were held on that date. The record does include an order which continued the hearing on MBF's motion to confirm to April 9, 2014.

¶ 10    On April 9, 2014, MBF again presented its motion to confirm and also presented a motion for leave to file an amended complaint *instanter*. In its motion for leave to file an amended complaint, MBF stated that it sought to file an amended complaint to address the circuit court's concern that the original complaint did not sufficiently set forth a claim for a deficiency judgment. The proposed first amended complaint attached to the motion included an additional count which specifically sought a deficiency judgment against both Daniel and Margaret. The circuit court continued the hearing on the motions to April 11, 2014.

¶ 11    On April 11, 2014, the circuit court entered an order setting a briefing schedule on MBF's motion to confirm and scheduling a hearing for May 23, 2014. This order also stated that MBF's motion for leave to file an amended complaint was withdrawn.

¶ 12    In its written response to the motion to confirm, the Allens contended that MBF had modified paragraph (M) of the short form complaint as set forth in section 15-1504(a) and that the circuit court should not enter personal deficiency judgments. The Allens also asked the court to "void the monetary judgment language" in the judgment of foreclosure.

¶ 13    In addition, the Allens argued that the motion to confirm should be denied under section 15-1508(b) of the Foreclosure Law (735 ILCS 5/15-1508(b) (West 2010)), because MBF's bid of $310,000 was only 34% of the judgment amount and 62% of the $500,000 market value of the subject property and, as such, that the terms of the sale were unconscionable and justice was not otherwise done. The Allens further argued that MBF acted in a commercially unreasonable manner when it rejected a $505,000 short sale offer from the Allens prior to the foreclosure sale and failed to provide a counteroffer.

¶ 14    On May 23, 2014, the circuit court granted MBF's motion to confirm the sale. However, the circuit court denied MBF's request for a personal deficiency judgment against each of the Allens.

¶ 15    On May 29, 2014, MBF filed a motion to reconsider the order of May 23, 2014, insofar as it denied the entry of a personal deficiency judgment of $603,339.02 in favor of MBF against both Daniel and Margaret Allen. At the hearing, MBF asserted that although its complaint had not strictly followed the statutory short form of section 15-1504(a), the allegations of its complaint must be liberally construed to include a request for personal deficiency judgments. The Allens responded that MBF had chosen not to strictly follow the statutory short form at its "peril," and was not entitled to personal deficiency judgments.

¶ 16     After hearing arguments, the circuit court said that paragraph (M) of the complaint was not adequate to give the Allens notice that MBF was seeking personal deficiency judgments against them. The circuit court, recognizing that the judgment of foreclosure did allow for the personal deficiency judgments, said it would "*sua sponte* correct the judgment of foreclosure language to say to the effect: if such deficiency judgment is appropriate." The circuit court made clear it would not vacate the personal judgments entered against Daniel and Margaret in the judgment of foreclosure.

¶ 17     MBF then orally requested leave to amend its complaint to conform to the proofs. The circuit court said that such a motion was untimely in that the order confirming the sale, a final judgment, had already been entered. The circuit court noted that it "would have been willing to entertain" such a motion if it had been made prior to the entry of the order confirming the sale. MBF reminded the circuit court that it had filed a written motion to amend the complaint prior to the entry of the order to confirm. MBF then contended it withdrew the motion after the circuit court had indicated the amendment was unnecessary because the judgment of foreclosure included personal judgments. The circuit court did not recall the prior motion to amend the complaint nor any proceeding as to the motion.

¶ 18     In a written order of September 10, 2014, the circuit court denied MBF's motion to reconsider and its oral motion to amend the complaint. By a separate order, the circuit court modified the language of paragraph 19 of the judgment of foreclosure to read:

> "If the proceeds of the sale are not sufficient to satisfy those sums due the Plaintiff, the Court may enter a personal deficiency judgment pursuant to 735 ILCS 5/15-1508(e) if properly pled in the Complaint, and providing that the Court finds that it has [personal] jurisdiction over the parties personally liable on the note and that said liability has not been discharged in bankruptcy. The Court shall enter an [*in rem*] deficiency Judgment if it finds there to be no personal jurisdiction over those parties liable on the note or if there is no personal liability based on other findings by the Court."

In this order, the circuit court also struck the language "on the note" from paragraphs 25 and 26 of the judgment of foreclosure which entered money judgments against Daniel and Margaret.

¶ 19     On October 2, 2014, MBF filed its notice of appeal.

¶ 20     On appeal, MBF argues that the circuit court erred in denying: (1) its request for personal deficiency judgments which was sufficiently raised in its complaint; (2) the motion for reconsideration of the denial of personal deficiency judgments; and (3) the oral motion to amend the complaint to conform to the proof.

¶ 21     The Allens respond that the deviation in paragraph (M) of MBF's complaint from the statutory short form left the complaint open to attack as to whether it stated a claim for personal deficiency judgments and did not give them sufficient notice that MBF would request a personal deficiency judgment against each of them.

¶ 22     We begin by addressing the circuit court's denial of MBF's motion to reconsider the denial of personal deficiency judgments. "The decision to grant or deny a motion for reconsideration lies within the discretion of the circuit court and will not be reversed absent an abuse of that discretion." *General Motors Acceptance Corp. v. Stoval*, 374 Ill. App. 3d 1064, 1078 (2007). "However, a reviewing court reviews the trial court's decision to grant or deny a motion to reconsider *de novo*, where the motion was based only on the trial court's application or purported misapplication of existing law, rather than on new facts or legal theories not

- 5 -

presented at trial." *Nissan Motor Acceptance Corp. v. Abbas Holding I, Inc.*, 2012 IL App (1st) 111296, ¶ 16. MBF's motion to reconsider contends that the circuit court misapplied the Foreclosure Law in determining that its complaint did not sufficiently plead deficiency judgments; therefore, the court's decision to deny the motion is subject to *de novo* review. See also *Metrobank v. Cannatello*, 2012 IL App (1st) 110529, ¶ 12 (The standard of review in cases involving the interpretation of a provision contained in the Foreclosure Law is *de novo*.).

¶ 23    Under the Foreclosure Law, the foreclosure court has "the authority to enter personal judgments for any deficiencies after sale of the real estate where defendant has been personally served or has appeared." *Id*. ¶ 29 (citing 735 ILCS 5/15-1508(e) (West 2010)).

¶ 24    The Allens do not contest that the circuit court had personal jurisdiction over them, nor do they dispute that a deficiency existed after the judicial sale, nor the amount of the deficiency. Instead, they argue that they did not have sufficient notice that MBF was seeking a personal deficiency judgment against each of them and, therefore, such judgments were precluded.

¶ 25    Section 15-1504(a) of the Foreclosure Law sets forth the form for a shortened foreclosure complaint. 735 ILCS 5/15-1504(a) (West 2010). "The statutory short-form complaint may include the '[n]ames of defendants claimed to be personally liable' for any deficiency (735 ILCS 5/15-1504(a)(3)(M) (West 2010)) and request a 'personal judgment for a deficiency' in the event that 'the sale of the mortgaged real estate fails to produce a sufficient amount to pay the amount found due.' 735 ILCS 5/15-1504(f) (West 2010))." *Metrobank*, 2012 IL App (1st) 110529, ¶ 28. " 'A foreclosure complaint is deemed sufficient if it contains the statements and requests called for by the form set forth in section 15-1504(a) of the Mortgage Foreclosure Law [citation].' " *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 35 (quoting *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 20). Because MBF deviated from the statutory language in paragraph (M) of its complaint, the Allens contend the complaint did not sufficiently plead a request for deficiency judgments. We do not agree.

¶ 26    Section 2-604 of the Code of Civil Procedure provides that "[e]xcept in case of default, the prayer for relief does not limit the relief obtainable, but where other relief is sought the court shall, by proper orders, and upon terms that may be just, protect the adverse party against prejudice by reason of surprise." 735 ILCS 5/2-604 (West 2010). Moreover, even "a general prayer for relief is sufficient to warrant any judgment that is supported by the facts alleged in the complaint if those facts are proved by evidence." *Fritzsche v. LaPlante*, 399 Ill. App. 3d 507, 522 (2010) (citing *County of Du Page v. Henderson*, 402 Ill. 179, 191 (1949)).

¶ 27    In considering whether MBF's complaint sufficiently supported its request for personal deficiency judgments against Daniel and Margaret, we must liberally construe this pleading in order to do substantial justice between the parties (735 ILCS 5/2-603(c) (West 2010)), and we must consider the exhibits attached to the complaint, as they are considered part of the complaint for all purposes. *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 18.

¶ 28    The complaint alleged that the Allens had failed to meet their responsibilities under both the note and the mortgage, owed MBF a debt under both, and copies of those instruments were attached to the complaint. The Allens admitted to the authenticity of the copies. The note provided that Daniel and Margaret had "jointly and severally" agreed to repay the loan and allowed personal money judgments to be entered against the Allens in the amount of their indebtedness. In paragraph (M) of the complaint, MBF identified the Allens as the makers of the note and that no personal deficiency would be sought "against any party who has received a Chapter 7 discharge, or who is protected by the automatic stay at sale confirmation." The

complaint also identified the Allens as the mortgagors. The mortgage allowed for a personal deficiency judgment to be entered against the Allens and gave MBF all remedies available under the law. In its prayers for relief, MBF generally sought any relief which was appropriate but, also, specifically requested "a personal judgment for deficiency, if applicable, and sought only against parties who have not received a Chapter 7 bankruptcy charge or who were not protected by the automatic stay at sale confirmation." We find that, when liberally construed to do justice, MBF's prayers for relief and the allegations and attached exhibits supported the entry of deficiency judgments against the Allens.

¶ 29    In reaching this conclusion, we find *Heritage Standard Bank & Trust Co. v. Heritage Standard Bank & Trust Co.*, 149 Ill. App. 3d 563 (1986), instructive. In that case, the plaintiff bank filed a suit to foreclose its security interest alleging David and Mary Callaghan were indebted to the bank as evidenced by a promissory note and setting forth the amount then due. *Id*. at 565. In its prayers for relief, the bank requested "*inter alia*, for foreclosure of the security interest; for judicial sale of the security interest; and for 'such further relief as the court deems fitting and proper under the circumstances.' " *Id*. After the bank was granted summary judgment, the property at issue was sold at a judicial sale. *Id*. at 565-66. The report of sale showed a deficiency of $292,404.70. *Id*. at 566. The Callaghans responded to the report by arguing, in part, that the bank had not prayed for a deficiency judgment. *Id*. The circuit court denied the bank a deficiency judgment. *Id*. at 567.

¶ 30    On appeal, the reviewing court noted: "It is well established that a prayer for general relief is sufficient to authorize any judgment warranted by the facts alleged in the pleadings." *Id*. at 568 (citing *Wrlla v. Wrlla*, 342 Ill. 31 (1930) and *Williams v. Estate of Cross*, 85 Ill. App. 3d 923 (1980)). The court found that the allegations that the Callaghans had defaulted on their note and were indebted to the bank for a specified amount "were sufficient to authorize entry of a deficiency judgment in favor of the bank." *Id*.; see also *Farmer City State Bank v. Champaign National Bank*, 138 Ill. App. 3d 847, 849 (1985) (where Fourth District found deficiency judgments entered against makers of notes were proper even where complaint did not specifically allege they were personally liable for deficiency).

¶ 31    MBF, here, included in its prayers for relief a *specific* request for a personal deficiency judgment and, as in *Heritage Standard Bank & Trust Co.*, a general request for any appropriate relief. MBF alleged the Allens had defaulted on their note and were indebted to MBF in the amount of $884,044.72. Under *Heritage Standard Bank & Trust Co.*, MBF's request for a personal deficiency judgment against each of the Allens was sufficiently set forth in the complaint.

¶ 32    We reject the Allens' contention that they were "surprised" by MBF's request for the entry of deficiency judgments pursuant to MBF's motion to confirm the sale. The record shows: the complaint alleged MBF would not seek a personal deficiency against any party protected by bankruptcy actions; the complaint's prayers for relief included a request for a deficiency judgment; the mortgage provided MBF with the right to obtain a deficiency judgment; and the note allowed MBF to pursue personal monetary judgments. The complaint was brought pursuant to the Foreclosure Law which specifically authorizes a court to enter a deficiency judgment. 735 ILCS 5/15-1508(e) (West 2010). Furthermore, in its motion for summary judgment, MBF requested the entry of a judgment of foreclosure which included personal judgments and deficiency judgments against both Daniel and Margaret. The Allens filed no opposition to the motion for summary judgment and did not file a motion to reconsider. The

judgment of foreclosure was entered pursuant to the motion for summary judgment and entered personal money judgments against the Allens and allowed the later entry of deficiency judgments if a deficiency resulted from the judicial sale of the property. Therefore, the Allens' contention of surprise about MBF's request for the personal deficiency judgments in its motion to confirm sale is unfounded. See *Heritage Standard Bank & Trust Co.*, 149 Ill. App. 3d at 568 (where the Second District found a lack of surprise, in part, because the deficiency judgment was authorized under the applicable provision of the Uniform Commercial Code and the note at issue provided for such a remedy).

¶ 33    For these reasons, we find the complaint sufficiently supported a request for a personal deficiency judgment against each of the Allens. Furthermore, it is uncontradicted that MBF provided evidentiary proof as to the basis of the deficiency judgments and the amount.

¶ 34    Because MBF's request for deficiency judgments contained in the motion to confirm was denied in error, the circuit court erred in denying the motion to reconsider. Therefore, we reverse the September 10, 2014, order denying MBF's motion to reconsider. Pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), we enter deficiency judgments against Daniel and Margaret in the amount of $603,339.02. In light of our decision, we vacate the separate order entered by the circuit court on September 10, 2014, modifying the language of the judgment of foreclosure in paragraphs 19, 25, and 26 to conform with the denial of the deficiency judgments.

¶ 35    As a result of our disposition of this case, we need not address the denial of MBF's motion to amend its complaint.

¶ 36    Subsequent to the filing of this opinion, the Allens filed a petition for rehearing in which they repeated the arguments they made in their response to the motion to confirm, specifically, that the motion to confirm should have been denied because the sale was unconscionable, justice was not otherwise done, and MBF acted in a commercially unreasonable manner. The Allens waived review by failing to file a cross-appeal from the confirmation order. See *Herron v. Anderson*, 254 Ill. App. 3d 365, 371 (1993) ("If a party fails to file a cross-appeal raising as an issue an adverse finding, then that party has waived that issue because he has not effectively preserved it for review.").

¶ 37    Reversed in part; vacated in part; deficiency judgments entered.